591 P.2d 1158

In the Matter of the Last WILL and
Testament of Beatrice M.
GREIG, Deceased.

Melvin D. RUECKHAUS and Natalie
Didama, Contestants-Appellants,

v.

Fletcher R. CATRON,
Petitioner-Appellee.

No. 11851.

Supreme Court of New Mexico.

Feb. 9, 1979.

Rehearing Denied March 14, 1979.

Willard F. Kitts, Elizabeth E. Whitefield,
Albuquerque, for Rueckhaus.

Bruce C. Redd, Albuquerque, for Didama.

Charles J. Noya, Albuquerque, Catron,
Catron & Sawtell, W. Anthony Sawtell,
Santa Fe, for petitioner-appellee.

## OPINION

FEDERICI, Justice.

This case involves a dispute over which of
two wills executed by Beatrice M. Greig,
deceased, is entitled to probate. Three pro-
ceedings below are relevant to the appeal:

(1) An action filed in the District Court
of Bernalillo County entitled "In The Mat-
ter of the Alleged Incompetency of Beatrice
Worth Greig," No. 6–76–02395, in which the
trial court determined that Ms. Greig was
incompetent as of March 2, 1976;

(2) A probate proceeding filed by attor-
ney Catron (appellee) in the District Court
of Bernalillo County to probate a will exe-
cuted by Ms. Greig in 1972, followed by an
"Affirmation of Will" executed by Ms.
Greig on June 2, 1976, affirming the 1972
will; and

(3) A probate proceeding filed by attor-
ney Rueckhaus (appellant) in the Probate
Court of Bernalillo County to probate a will
executed by Ms. Greig in 1975.

The district court, in the course of its
proceedings relating to the 1972 will, trans-
ferred the probate court proceeding to the
district court and abated any action in that

case until there was a hearing on the 1972 will. After trial, the court held that the 1972 will was effective by reason of the 1976 affirmation and admitted the 1972 will and the 1976 affirmation to probate as the Last Will and Testament of Beatrice Greig. The court refused to admit the 1975 will to probate. Appellant Rueckhaus and appellant Didama appeal.

Didama is a surviving heir of Ms. Greig. She claims that because of the incompetency of Ms. Greig neither the 1972 will, the 1975 will, nor the affirmation of 1976, are valid. Therefore, Didama argues that Ms. Greig died intestate and that she is entitled to all of decedent's estate as sole surviving heir. Didama did not enter an appearance or become a party below. Didama joined in this appeal without complying with any of the rules of appellate procedure. We hold that Didama is not a proper party to this appeal.

Even if we were to assume for purposes of discussion that Didama is a proper party, she could not prevail. Notwithstanding the guardianship order in Cause No. 6–76–02395, Ms. Greig had the requisite testamentary capacity to make a will. The controlling elements of testamentary capacity were set out by this Court in *McElhinney v. Kelly*, 67 N.M. 399, 356 P.2d 113 (1960): "(1) [K]nowledge of the meaning of the act of making a will, (2) knowledge of the character and extent of the estate, and (3) knowledge of the natural object of testator's bounty." *Id.* at 403, 356 P.2d at 115 (citations omitted). *See also Hummer v. Betenbough*, 75 N.M. 274, 404 P.2d 110 (1965).

In the present case, the trial court found that:

11. On June 2, 1976 when Beatrice Greig signed the Affirmation of Last Will and Testament, she understood the nature of the document and the effect of her execution of the Affirmation of Last Will and Testament.

12. At the time she signed the Affirmation of Last Will and Testament, Beatrice Greig knew the natural objects of her bounty.

There is substantial evidence in the record to support the findings made by the trial court and those findings are the facts upon which the case rests.

With reference to the 1972 will and the affirmation, the trial court made the following findings:

6. On June 2, 1976, Beatrice Greig executed in the presence of Marie Taylor, Diane L. Catron and Fletcher Catron a document captioned, "Affirmation of Last Will and Testament" which provided:

"I, Beatrice M. Greig, do hereby declare that my Will dated January 8, 1972, is my Last Will and Testament and I hereby revoke any and all subsequent Wills which may have been made by me to this date."

\*   \*   \*   \*   \*   \*

8. On June 2, 1976, at Beatrice Greig's request and in her presence and the presence of each other, Marie Taylor and Diane L. Catron witnessed Beatrice Greig's signature by signing their names to the Affirmation of Last Will and Testament.

Based upon its findings of fact, including those quoted above, the court concluded:

2. The January 8, 1972 Will was effective as the Last Will and Testament of Beatrice Greig, deceased, at the time it was signed.

3. If the January 8, 1972 Will was revoked, it was either revived by the Affirmation of Last Will and Testament dated June 2, 1976, or the Affirmation of Last Will and Testament is a testamentary instrument in and of itself which incorporated by reference the terms of the 1972 Will.

4. The January 8, 1972 will and the copy of the June 2, 1976 Affirmation of Last Will and Testament should be admitted to probate as the Last Will and Testament of Beatrice Greig, deceased.

Appellant Rueckhaus contends that the 1972 will was revoked by tearing and that, having been revoked, there was no 1972 will which could have been revived

by affirmation in 1976. Consequently, Rueckhaus contends that the 1975 will should have been admitted to probate.

Sections 45–2–507 and 45–2–509, N.M.S.A.1978 (formerly §§ 32A–2–507 and 32A–2–509, N.M.S.A.1953 (Inter.Supp.1976–77)) are pertinent to the issue presented in this appeal:

*45–2–507. Revocation by writing or by act.*

A will or any part thereof is revoked by:

\*   \*   \*   \*   \*   \*

B. a subsequent will which revokes the prior will or part thereof, expressly or by inconsistency; of

C. being burned, torn, canceled, obliterated or destroyed, with the *intent* and for the purpose of revoking it by the testator or by another person in his presence and by his direction.

*45–2–509. Revival of revoked will.*

If a person having made a will, makes a subsequent will, revoking the prior will, and afterwards revokes the subsequent will, the prior will is not thereby made valid, unless the validity of the prior will is acknowledged in writing (emphasis added).

The record shows that the first two pages of the 1972 will had been torn two times longitudinally. The third and last page of the will had not been torn at all. There was no direct evidence that decedent, or any other person in her presence and by her direction, had torn the will. It was found in a cupboard at her residence at the time of her death. The torn will was legible and was introduced in evidence at the trial. Appellee Catron testified that at the time the affirmation was signed by decedent in 1976, an executed duplicate original of the 1972 will was in his office files in Santa Fe. Appellee also testified that decedent had told him in June 1976 that the 1972 will still existed and was in a bureau drawer in her home. The uncontradicted testimony of Ms. Greig's private nurse was that Ms. Greig went into Four Seasons Nursing Home in April or May of 1976. She was transferred to Anna Kaseman Hospital, and then to Presbyterian Hospital. Upon her return home, she was almost completely helpless.

Whether a will has been burned, torn, canceled, obliterated or destroyed with the intent to revoke it is a matter of fact to be determined in each particular case. There is substantial evidence in the record in this case to support the trial court's finding that the 1972 will had not been revoked by tearing.

A provision in the 1975 will revoked the 1972 will; however, the affirmation executed in 1976, acknowledging the validity of the 1972 will, revoked the 1975 will and *revived* the 1972 will under § 45–2–509. If the 1975 will had not been revoked, or if the 1972 will had been burned, torn, canceled, obliterated or destroyed with the intent and for the purpose of revoking it, there could have been no revival under § 45–2–509.

In the present case the trial court correctly ruled that the 1972 will, which it found had not been revoked by tearing, was revived in 1976 by an acknowledgment in writing as provided in § 45–2–509.

The decision of the trial court is affirmed.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.