James M. PROUT

v.

BLUEBIRD RANCH, INC. and Commercial Union Assurance Company.

Supreme Judicial Court of Maine.

Argued Nov. 2, 1981.

Decided Feb. 9, 1982.

Francis J. Hallissey (orally), Machias, for plaintiff.

Mitchell & Stearns, Kevin M. Cuddy, Peter M. Weatherbee (orally), Bangor, for defendants.

Before McKUSICK, C. J., and GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

The employee, James M. Prout, appeals from a pro forma decree of the Superior Court (Washington County) affirming a denial[1] by the Workers' Compensation Commission of the employee's petition to compel payment of compensation, brought pursuant to 39 M.R.S.A. § 104–A (1980).[2]

We affirm the judgment below, finding, as the Commission did, that it had no jurisdiction to rule upon such a petition.

On March 26, 1979, the employee received an injury arising out of, and in the course of, his employment. He began receiving compensation on March 27, 1979, in accordance with an agreement approved by the Commission on February 7, 1980. On September 10, 1980, the employer, Bluebird Ranch, Inc., and the insurance carrier, Commercial Union Assurance Co., filed a petition for review of incapacity, together with the certificate required by statute before the carrier may suspend payment of compensation.[3] The basis of suspension of payments in this case was that the employee had resumed work.

1. When a petition is disposed of without considering its merits, as was this claimant's, it would be more appropriate *to dismiss*, rather than to *deny*, the petition. *Tibbetts v. Tibbetts*, Me., 406 A.2d 78, 82 (1979).

2. The enforcement mechanism of 39 M.R.S.A. §§ 103–104 was repealed, effective September 18, 1981. *See* P.L.1981, ch. 514, § 5. A new provision for enforcement in Superior Court of decisions by the Commission, effective the same date, appears in 39 M.R.S.A. § 103–E, enacted in P.L.1981, ch. 514, § 6.

3. At argument we learned that the Commission subsequently decided a petition for review on October 21, 1981. The issues there decided, of course, are not before us on this appeal.

The Commission has only those powers expressly granted by statute. *Anania v. City of Portland,* Me., 394 A.2d 782, 784 (1978); *Levesque v. Levesque,* Me., 363 A.2d 951, 953 (1976). Insofar as this employee was seeking to test the propriety of a suspension of payments of compensation, under the Act his remedy was, not a petition for the Commission to compel payments of compensation to him, but the statutorily authorized petition for review. The petition for review may be brought by any party, but is required to be brought by an employer in implementing any suspension of payments under 39 M.R.S.A. § 100 (repealed and replaced by P.L.1981, ch. 514, § 4, effective September 18, 1981).

The legislative reason for establishing this procedure is that it brings to the adjudication of the propriety of the suspension the Commission's expertise in such matters, which are often of a technical nature, and avoids the possibility that almost identical issues might be raised at the same time in Superior Court and before the Commission with the possibility of inconsistent results. *See Leo v. American Hoist & Derrick Company,* Me., 438 A.2d 917 (1981).

Concluding that, upon the petition which it had before it, it was without jurisdiction to compel payment of compensation, the Commission properly dismissed the petition.

The entry, therefore, is:

Appeal denied.

Judgment affirmed.

It is ordered that the employer pay to the employee $550.00 for his counsel fees plus his reasonable out-of-pocket expenses for this appeal.

All concurring.