660 P.2d 593

**In the Matter of the Last Will and Testament of Hazel Cash FERRILL, Deceased:**

**Lyle E. TEUTSCH, Jr., Petitioner,**

v.

**Don CASH, Respondent.**

**No. 14447.**

Supreme Court of New Mexico.

March 22, 1983.

See also 97 N.M. 383, 640 P.2d 489; 98 N.M. 51, 644 P.2d 1040.

Kegel, Montez & Piat, Ralph M. Montez, Santa Fe, for petitioner.

Popejoy & Leach, Thomas L. Popejoy, Jr., Richard E. Ransom, Albuquerque, for respondent.

## OPINION

RIORDAN, Justice.

Lyle Teutsch (Teutsch), special administrator for the will of Hazel Cash Ferrill (Ferrill), petitioned the trial court for an allowance of attorney's fees in excess of the statutory amount. The trial court denied the request for excess attorney's fees as did the Court of Appeals. Certiorari was granted. We reverse.

The issue on appeal is whether a special administrator who hires an attorney to defend a contested will, is entitled to have attorney's fees and costs paid out of the estate.

Ferrill died on December 18, 1979, leaving an estate of over $800,000.00. On January 11, 1980, the personal representative named in the will, renounced his appointment and nominated Teutsch to be the personal representative. Teutsch filed a petition to be appointed personal representative. On January 16, 1980, the trial court appointed Teutsch as special administrator. Teutsch was never appointed personal representative.

On February 15, 1980, Ferrill's grandson, and on April 9, 1980, Ferrill's son filed objections to probating Ferrill's will. Teutsch retained an attorney to defend the will and to aid him in his capacity as special administrator. After the will contest, the jury declared the will invalid because of undue influence. In *In Matter of Ferrill,* 97 N.M. 383, 640 P.2d 489 (Ct.App.1981), *cert. quashed,* 98 N.M. 51, 644 P.2d 1040 (1982), the trial court's decision was upheld.

Teutsch petitioned the trial court to award attorney's fees in excess of the statutory amount set forth in Sections 45–3–719 and 45–3–720, N.M.S.A.1978, for defending Ferrill's will. Teutsch also asked for costs. The parties stipulated to the reasonableness of the amount of attorney's fees and costs relating to the special administration and the will contest. The trial court approved attorney's fees of $6,480.00 and costs of $458.43 that related to the special administration and ordered that they be paid out of the estate. However, the trial court concluded that Teutsch, as special administrator, could not obligate the estate for the additional attorney's fees of $24,388.50 and costs of $2,183.02, incurred in defending the will. On appeal, the Court of Appeals upheld the trial court's ruling because there is no duty expressed by statute for a special administrator or personal representative to defend a will. We reverse the Court of Appeals ruling.

On January 16, 1980, the trial court in appointing Teutsch, as special administrator, stated that he was, "to preserve the estate and to secure its proper administration until such time as general personal representative is appointed by the Court. * * * " The general powers and duties of a special administrator appointed by order of the court, are contained in Section 45–3–617, N.M.S.A.1978, which states:

A special administrator appointed by order of the district court in any formal proceeding has the power of a general personal representative except as limited in the appointment and duties as prescribed in the order. The appointment may be for a specified time, or to perform particular acts or on other terms as the district court may direct.

Teutsch correctly points out that the definition of a personal representative includes a special administrator. § 45–1–201(A)(29), N.M.S.A.1978. Teutsch also contends that a personal representative has a duty to de-

fend a will relying on Section 45–2–902(A), N.M.S.A.1978, which states, "[a]ny person having custody of a will, shall, as soon as he is informed of the death . . . *deliver such will to a person able to secure its probate* . . . [Emphasis added]." Therefore, he further contends that if such a duty is undertaken in good faith, then attorney's fees and costs incurred in defending the will are properly payable out of the estate, pursuant to Section 45–3–720, which provides that:

> Attorneys for personal representatives of decedents' estates shall be allowed out of such estates, as fees for representing such personal representatives in the conducting of ordinary probate proceedings.
> * * *

We agree with both of Teutsch's contentions.

New Mexico case law has not previously addressed the question of whether there is a duty for a personal representative to defend a will. Nor is there a section contained in the New Mexico Probate Code, Sections 45–1–101 through 45–7–401, N.M.S.A.1978 (Orig.Pamp. and Cum.Supp.1982), that addresses this duty. However, other states have held that it is the duty of an executor to offer a will for probate and to make all reasonable efforts to sustain its validity when contested. *In re Swanson's Estate,* 240 Iowa 1011, 38 N.W.2d 652 (1949); *In re Wah-Kon-Tah-He-Ump-Ah's Estate,* 128 Okla. 179, 261 P. 973 (1927); *Ex Parte Miller,* 192 S.C. 164, 5 S.E.2d 865 (1939). And as long as there is a good faith attempt by the personal representative to defend the will, attorney's fees are allowed whether the will is upheld or not. *Mitchell v. Parker,* 227 Ala. 676, 151 So. 842 (1933); *Ex Parte Miller, supra; Smith v. Haire,* 133 Tenn. 343, 181 S.W. 161 (1915).

The trial court concluded that Teutsch acted "in good faith and reasonable prudence in hiring the law firm * * * to represent him in his duty of securing the probate of said will." We have held that where a case is tried and the trial court makes findings of facts and conclusions of law, we will not reverse unless the findings

cannot be sustained by evidence or inferences. *Barber's Super Markets, Inc. v. Stryker,* 84 N.M. 181, 500 P.2d 1304 (Ct. App.), *cert. denied,* 84 N.M. 180, 500 P.2d 1303 (1972). We find that there is evidence to support that Teutsch acted in good faith in probating Ferrill's estate.

Therefore, since Teutsch had been appointed as special administrator and no personal representative had been appointed, he was under a duty to "secure" probate of Ferrill's will. Although the will was found invalid, Teutsch still had the duty to defend it. *In re Wah-Kon-Tah-He-Ump-Ah's Estate, supra.* Since the trial court found that Teutsch acted in good faith in "securing" the probate of the will, attorney's fees and costs are recoverable.

The Court of Appeals and trial court are reversed. The case is remanded with directions to approve the request for attorney's fees and costs for the will contest.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, J., concur.

PAYNE, J., respectfully dissenting.

FEDERICI, J., not participating.