[No. A024769. First Dist., Div. Two. June 12, 1984.]

SUSAN SMYERS, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
I. T. T. JENNINGS et al., Respondents.

[No. A024774. First Dist., Div. Two. June 12, 1984.]

ETHEL J. HOFFMAN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
I. T. T. JENNINGS et al., Respondents.

38

---

**COUNSEL**

Brian N. Lawther for Petitioners.

Samuel E. Meredith, Karla J. Knieps and Goshkin, Pollatsek, Meredith & Lee for Respondents.

---

**OPINION**

**SMITH, J.**—In these cases the Workers' Compensation Appeals Board (Board) held as a matter of law that housekeeping services prescribed by medical doctors for petitioners were not recoverable under the workers' compensation law. Petitioners, Susan Smyers and Ethel J. Hoffman, sought and were granted writs of review.

Both petitioners were employed by I. T. T. Jennings (employer) on May 7, 1974, when they inhaled noxious fumes and immediately experienced choking, nausea and coughing. Further, petitioners experienced chronic shortness of breath and coughing. In 1977, employer stipulated, in both cases, to findings and awards of 100 percent disability and continuing medical treatment for life.

In 1977 the physicians treating both women recommended that housekeeping services be provided as part of medical treatment. Employer paid for the housekeeping services as a Labor Code section 4600[1] medical expense for approximately five years. In late 1982 employer discontinued the payments for housekeeping services relying upon the Board's decision in *Keil* v. *State of California* (1981) 46 Cal.Comp.Cases 696, which held that the cost of housekeeping services, unrelated to nursing services, cannot be recoverable medical treatment under section 4600 even though considered essential by a medical doctor.

On March 29, 1983, a hearing in these cases was held to resolve whether or not the housekeeping services were appropriately discontinued by employer. The parties stipulated that the services in question were limited to domestic services such as cleaning the house. The employees' counsel agreed that the services did not include a "medical service" but refused to concede that they do not constitute "medical treatment." Petitioners introduced reports from three examining physicians, stating that it is medically

---

[1]Section 4600 provides in pertinent part: "Medical, surgical, chiropractic, and hospital treatment, including nursing, medicines, medical and surgical supplies, crutches, and apparatus, including artificial members, which is reasonably required to cure or relieve from the effects of the injury shall be provided by the employer."

Further statutory references will be to the Labor Code.

dangerous for them to do household work, and that housekeeping care is a vital component of their medical treatment.[2]

.The Workers' Compensation Judge, Dexter Young, held that the services in question were housekeeping services unrelated to any nursing services and therefore not included within the term "medical treatment" found in section 4600. Judge Young considered himself bound by *Keil* v. *State of California, supra,* 46 Cal.Comp.Cases 696, stating, "[t]he fact that the attempt by the injured workers to do the housekeeping services themselves *may cause life-threatening situations does not change the state of the present law. Such costs cannot be awarded."* In denying reconsideration, the Board adopted the judge's opinion as its own.

 The issue in this case is whether housekeeping services are reimbursable under section 4600 as "[m]edical . . . treatment . . . reasonably required to cure or relieve from the effects of the injury. . . ."

The Board in *Keil,* attempting to achieve uniformity of decision, held "that there must be medical evidence substantiating the [housekeeping] services in question as, or part of, 'nursing' services. By case law, those services include practical nursing and can incidentally include housekeeping. Housekeeping services unrelated to nursing care, however, finds no coverage under Labor Code § 4600. In the case presently being considered, the disputed housekeeping services are clearly *in addition* to nursing services which are being provided and admittedly include some housekeeping. As such, they are beyond what is allowed by the Labor Code, whether or

---

[2]Dr. Fleming, applicants' treating psychiatrist, states: "The physical disability each has prevents them from doing the minimal household tasks without considerable fatigue, increased anxiety about breathing problems and actual breathlessness. They get breathless with any degree of exertion and with any increases in stress and this is followed by disabling coughing spells, increased weakness and fears that they will not survive."

Dr. Kutzcher in his report of January 15, 1983, opines: "I believe it has been well established that both women suffer from numerous symptoms as a result of their chemical exposures. Perhaps the most disabling symptom is the occurrence of severe paroxysms of coughing which at times are incapacitating. These episodes of coughing are clearly related to the amount of physical activity engaged in by both Mrs. Hoffman and Mrs. Smyers. It is not unusual that simple visits to my office result in an exacerbation of symptoms. I would expect the amount of physical activity involved in routine housekeeping to cause a similar exacerbation in their symptomatology, and I would expect that if housekeeping services were discontinued, each of these women would become even more incapacitated."

An "even more incapacitating" situation for these applicants can only mean that they would be bedridden.

Dr. Lawther in his report of May 3, 1983, states: "From a strictly medical point, stability is the most important factor in the medical treatment of these ladies, any variance in the medical regimen that has been so carefully constructed through the years by Dr. Telatnik, Dr. Kutzcher and Dr. Flemming [sic] is quite likely to produce serious and possibly dangerous consequences. Part of this medical regimen has been the 'housekeeping' services provided to these ladies and I feel, quite strongly, that for their medical safety this should be continued."

not it is medically recommended. In other words, ordinary household help, as opposed to nursing or attendant care, is not included within the term 'medical treatment' as found in Labor Code § 4600." (*Keil* v. *State of California, supra,* 46 Cal.Comp.Cases at pp. 701-702, italics in original.)

The Board in formulating the *Keil* rule looked at section 4600 in a strict definitional sense. The Board concluded that the meaning of "housekeeping services" standing alone is not within the meaning of medical services, nor within the subcategory of nursing services. However, citing prior cases, *Keil* does endorse the anomolous exception that the services of a practical nurse, which consist of both nursing and housekeeping, are reimbursable. (*Henson* v. *Workmen's Comp. Appeals Bd.* (1972) 27 Cal.App.3d 452, 458 [103 Cal.Rptr. 785]; *Pacific Elec. Ry. Co.* v. *Ind. Acc. Com.* (1950) 96 Cal.App.2d 651, 659 [216 P.2d 135].)

However, the Board analysis in *Keil* misses the point. ■ Section 4600 provides that employers are responsible for *medical treatment* which is reasonably required to cure or relieve from the effects of the injury. This statutory test is factual: Is there a medical recommendation or prescription that certain services be performed for petitioner? In the instant case three physicians strongly recommend for medical reasons the continuance of housekeeping services.

It would be unconscionable to deny coverage for medically required services simply because they are not semantically recognized as within the category of medical or nursing services. ■ Rather, the purpose of the workers' compensation law is more faithfully served by compensating for services which are, as stated in the dissent in *Keil,* "necessary and reasonable in order to allow the injured worker to fully comply with the treatment prescribed by [the applicant's] physician." (*Keil* v. *State of California, supra,* 46 Cal.Comp.Cases 696, 703 (dis. opn. by Gaines, J. and Burton, J.).)

■ In this connection, we note that the terms of section 4600 are inclusive and not exclusive. ■ Sutherland states that the word "includes" in a statute is usually a term of enlargement and not limitation and it therefore "'conveys the conclusion that there are other items includable, though not specifically enumerated.'" (2A Sutherland, Statutory Construction (4th ed. 1973) § 47.07, pp. 81-82.) ■ The provision of section 4600 for "medical . . . treatment, *including* nursing [etc.]," suggests coverage of other services "not specifically enumerated." ■ The Board, therefore, must make that determination: Do housekeeping services, though not specifically enumerated, constitute "medical . . . treatment . . . reasonably re-

quired to cure or relieve . . . .?'' The answer will depend upon the facts of the particular case.

■ Moreover, section 3202 requires that section 4600 must be "liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of . . . employment." (*McCoy* v. *Industrial Acc. Com.* (1966) 64 Cal.2d 82, 86 [48 Cal.Rptr. 858, 410 P.2d 362]; *Henson* v. *Workmen's Comp. Appeals Bd., supra,* 27 Cal.App.3d 452, 457.) ■ Our holding in the instant case extends coverage to recipients of housekeeping services when there is a demonstrated medical need. In contrast, the *Keil* rule, through the application of a per se exclusion of solitary housekeeping services, forecloses and restricts coverage. The rule we enunciate is more in harmony with the purposes of the act.[3]

Finally, the application of the *Keil* rule leads to confusion. "Attendant" and "nursing" services are compensable. (2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation, *supra,* § 16.01, pp. 16-14.1 to 16-15 [attendant]; § 4600 [nursing].) So also is "practical nursing" which includes housekeeping. (*Henson* v. *Workmen's Comp. Appeals Bd., supra,* 27 Cal.App.3d 452, 458.) Therefore, an injured person may be compensated for the services of an "attendant" to help him dress or do personal chores, or, may be reimbursed for the services of a practical nurse who performs housekeeping services. Yet, the same injured claimant, according to *Keil,* could not be compensated for pure housekeeping services without the magical "attendant" or "practical nurse" label.

■ We hold that the proper approach by the Board is to treat the question of reimbursement under section 4600 for housekeeping services as a factual question to be resolved in each case by lay and expert evidence. The test then is whether household services in the particular case before the

[3]This rule is also harmonious with the general description of the section 4600 right offered by the major treatise authors. According to Hanna, compensable medical treatment includes "*all measures directed toward* the cure or *relief* of the effects of the industrial injury. . . ." (2 Hanna, Cal. Law of Employee Injuries & Workmen's Compensation (2d ed. 1983) § 16.01[1], p. 16-3, italics added; see also *id.,* § 16.05[1][c], p. 16-40.1.) Herlick agrees. Employers are bound to furnish adequate medical care, and "[t]reatment is not adequate if . . . it does not include . . . *all measures indicated to* cure or *relieve.*" (1 Herlick, Cal. Workers' Compensation Law Practice (3d ed. 1984) § 4.8, p. 83, italics added.) Here the *housekeeping services were indicated* by the physicians as a measure directed toward relief of the industrial condition. Both authors also state that *palliative* measures are compensable. (2 Hanna, Cal. Law of Employee Injuries & Workmen's Compensation, *supra,* § 16.01[1], p. 16-3; 1 Herlick, *supra,* § 4.14, p. 86.) To palliate is "[t]o mitigate; to reduce the severity of; to relieve slightly." (Stedman's Medical Dict. (4th unabr. law. ed. 1976) p. 1018.) The *physicians'* reports in this case (see fn. 2, *ante*) clearly reveal that the housekeeping services were prescribed as a *palliative* measure.

Board are medically necessary and reasonable. If the claimant can produce evidence to answer this question in the affirmative, then the expenses for housekeeping are recoverable as a "medical treatment" under section 4600.

The decision of the Workers' Compensation Appeals Board is annulled and the cause is remanded to that Board for proceedings consistent with the views expressed herein.

Kline, P. J., and Flaherty, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.