742 P.2d 528 (1987)
196 N.M. 316
In the Matter of the ESTATE OF Elizabeth H. CORWIN, Deceased.
MERCHANTS BANK AND TRUST COMPANY OF NORWALK, CONNECTICUT, A Connecticut Banking Corporation, Personal Representative, Plaintiff-Appellant,
v.
Ruth C. MEYER, Heir, Defendant-Appellee.
No. 9353.
Court of Appeals of New Mexico.
July 14, 1987.
Certiorari Denied September 8, 1987.
Stephen Doerr, Doerr & Knudson, P.A., Portales, for plaintiff-appellant.
Edwin B. Tatum, Walker, Tatum, Grow & McDowell, Clovis, for defendant-appellee.

OPINION
BIVINS, Judge.
This appeal requires us to determine whether United States Treasury notes fall within the category of probate assets that calls for reduced compensation to personal representatives and attorneys for personal representatives. NMSA 1978, Sections 45-3-719 and -720 contain the provisions for calculating such compensation. Section 45-3-719 of the Probate Code provides:
Unless otherwise ordered by the court, a personal representative shall be entitled to a compensation of not more than ten percent on the first three thousand dollars ($3,000) and of not more than five percent on all amounts in excess of the first three thousand dollars ($3,000) upon property at its estimated value which *529 shall come into his possession in his capacity as personal representative. However, if the property consists of the proceeds of life insurance policies, or cash, including checking accounts, time deposits, certificates of deposit, savings accounts, postal savings certificates and all United States government bonds, then the personal representative's compensation shall not exceed five percent of the first five thousand dollars ($5,000) and not exceed one percent on all amounts in excess of the first five thousand dollars ($5,000). No compensation or commission shall be paid on account of any real property, except such amount as may be allowed by the court upon proper cause being shown. [Emphasis added.]
Section 45-3-720 provides that attorneys shall be allowed the same amount as fixed for the personal representatives as fees for representing the personal representative, unless otherwise fixed by the court. We hold that United States Treasury notes are subject to the reduced compensation calculations, and, therefore, affirm the district court.
In this case, the Merchants Bank and Trust Company of Norwalk, as personal representative, and its attorney applied for and received an award of compensation which calculated the estate's United States Treasury notes under the first part of Section 45-3-719, that is, ten percent of the first $3,000 and five percent of amounts in excess of $3,000. At the time the personal representative petitioned to complete settlement of the estate, Ruth C. Meyer, daughter and sole beneficiary under decedent's will, objected to the compensation allowed the personal representative and its attorney. After a hearing, the district court entered an amended order reducing the compensation for the personal representative and its attorney. This reduction came about as a result of calculating the United States Treasury notes under the second part of Section 45-3-719, that is, five percent of the first $5,000 and one percent of amounts in excess thereof. The net effect of the order reduced the personal representative's and its attorney's compensation by some $6,279 each. They appeal.
This appeal requires us to apply principles of statutory construction. We find the correct approach in 2A N. Singer, Sutherland Statutory Construction Section 47.07 (Sands 4th ed. 1984):
A term whose statutory definition declares what it "includes" is more susceptible to extension of meaning by construction than where the definition declares what a term "means." It has been said "the word `includes' is usually a term of enlargement, and not of limitation. * * * It, therefore, conveys the conclusion that there are other items includable, though not specifically enumerated. * * *"
(Footnote omitted.) This rule has found support in other jurisdictions. Federal Land Bank of St. Paul v. Bismarck Lumber Co., 314 U.S. 95, 62 S.Ct. 1, 86 L.Ed. 65 (1941); Smyers v. Workers' Comp. Appeals Bd., 157 Cal. App.3d 36, 203 Cal. Rptr. 521 (1984); Schwab v. Ariyoshi, 58 Hawaii 25, 564 P.2d 135 (1977); Janssen v. Janssen, 331 N.W.2d 752 (Minn. 1983).
In our case, the general word "cash" is followed by the word "including," which is a word of expansion rather than of limitation. The terms following "including" are examples of cash. From Black's Law Dictionary 196 (5th ed. 1979), "cash" is defined as "[m]oney or the equivalent." Applying the above principle, any item that falls within the definition of cash is subject to the reduced compensation scheme.
As provided in 31 U.S.C.A. § 3102 (1983):
(a) With the approval of the President, the Secretary of the Treasury may borrow on the credit of the United States Government amounts necessary for expenditures authorized by law and may issue bonds of the Government for the amounts borrowed and may buy, redeem, and make refunds under section 3111 of this title.
Further, 31 U.S.C.A. § 3103 (1983) provides:
(a) With the approval of the President, the Secretary of the Treasury may borrow on the credit of the United States Government amounts necessary for expenditures *530 authorized by law and may issue notes of the Government for the amounts borrowed and may buy, redeem, and make refunds under section 3111 of this title.
Section 3111 provides for the issuance of new obligations to buy, redeem, or refund outstanding obligations, i.e., "outstanding bonds, notes, certificates of indebtedness, Treasury bills, or savings certificates of the United States Government." As we read these sections of Title 31, U.S.C.A., bonds and notes are issued for identical purposes and become obligations of the United States Government. We see no reason why Sections 45-3-719 and -720 do not encompass both United States Government bonds and United States Treasury notes within the meaning of "cash." Each contemplates an obligation by the United States Government. Each appears to have a cash value to the holder, redeemable at a specified time. Each, therefore, is the equivalent of cash.
The result we reach accords with the purpose of the statute. The parties seem to agree that the reduced percentages for certain liquid assets were added by the legislature in response to In re Keel's Estate, 37 N.M. 569, 25 P.2d 806 (1933). Without legislative history we cannot be certain if this is correct; however, the plain meaning of the statute makes clear that the legislature intended a lesser fee on certain classes of personal assets that require little or no management. Why United States Treasury notes should be treated any differently from federal obligations issued for identical purposes is not clear, and appellant offers no explanation. We believe notes are sufficiently similar to bonds as to constitute "cash" for the purposes of the statute.
The personal representative and its attorney shall pay the cost of the appeal and those costs shall not be charged to the estate. See Manzanares v. Lerner's, Inc., 102 N.M. 391, 696 P.2d 479 (1985) (where appellate review in worker's compensation case was brought solely for the benefit of attorney, free process allowed by statute did not apply, and each party would pay their own costs).
IT IS SO ORDERED.
MINZNER and APODACA, JJ., concur.