755 P.2d 71

In the Matter of the **ESTATE OF Beatrice M. GREIG, Deceased.**

**Fletcher R. CATRON, Personal Representative, Appellant,**

v.

**Melvin D. RUECKHAUS, Appellee.**

No. 8224.

Court of Appeals of New Mexico.

April 28, 1988.

Fletcher R. Catron, pro se.

Gene E. Franchini, Franchini, Henderson, Wagner & Oliver, Albuquerque, for appellee.

## OPINION

GARCIA, Judge.

Fletcher R. Catron (Catron), personal representative, appeals from an order fixing his fee, attorney fees and costs. We affirm in part, reverse in part, and remand for a new hearing.

This case comes before the court for decision after it was submitted to an advisory committee pursuant to an experimental plan. *See Patterson v. Environmental Improvement Div.,* 105 N.M. 320, 731 P.2d 1364 (Ct.App.1986); *Boucher v. Foxworth–Galbraith Lumber Co.,* 105 N.M. 442, 733 P.2d 1325 (Ct.App.1986); *Stoll v. Dow,* 105 N.M. 316, 731 P.2d 1360 (Ct.App.1986). The committee was, however, unable to complete its work within the time prescribed by the court. We nonetheless acknowledge the aid of attorneys Ray O. Sage, Lawrence M. Pickett and Michael L. Winchester, who devoted both time and effort. We express our gratitude for their voluntary service.

## FACTS

This appeal involves a contested estate proceeding. The settlement of the estate of Beatrice M. Greig has been laborious, protracted, and undoubtedly, expensive. The litigation history includes a will contest, the probate proceedings, a prior appellate review and two related district court lawsuits. The estate has been in litigation for over ten years. *See In re Will of Greig*, 92 N.M. 561, 591 P.2d 1158 (1979). The present appeal is from the trial court's order which set fees for the estate's personal representative and lawyers and denied certain costs.

As part of the settlement of the estate, Catron applied for an award of fees and costs for himself and his attorneys. Catron presented unrebutted testimony showing that, as personal representative of the estate, he had spent 192 hours on estate matters. More than half of that time, 98.5 hours, was spent performing legal work, including drafting pleadings, preparation of briefs, handling the appeal, and litigating matters with Rueckhaus. The remainder of his time, 93.5 hours, was spent in usual probate administrative duties. Catron's attorneys (his own law firm) spent an additional 130 hours providing legal services occasioned by the various proceedings involving the estate.

A hearing was conducted on Catron's application. Catron argued that his personal representative's fee should be $13,-088.40 based on 192 hours at $65 per hour, plus 4.825 percent state gross receipts tax. Moreover, Catron argued that the fees for his law firm should be an additional $8,861.94 based on 130 hours at $65 per hour plus applicable state gross receipts tax, and that his firm should recover costs of $1,412.50, the major portion of which included reimbursement for a law clerk hired to do legal research on behalf of the estate.

Rueckhaus objected, arguing that NMSA 1978, Section 45-3-719 placed a statutory limit on a personal representative's fee. In support of his argument, Rueckhaus offered the expert testimony of a probate lawyer who testified:

[T]he formula for the compensation of personal representatives or administrator or executors—and [sic] they were formerly known—has not changed as it was originally enacted in '91. As it states, the Plaintiffs are entitled to compensation of a very specific amount, either 10 or five—either 10% or 5% on the first portion of the estate and then a small percentage on the balance of the estate.

The witness relied on a 1933 supreme court decision, *In re Keel's Estate*, 37 N.M. 569, 25 P.2d 806 (1933), which stands for the proposition that a trial court has no discretion in setting an administrator's fee; rather, the statutory schedule must be applied.

Accordingly, Rueckhaus' expert represented to the trial court that no discretion could be exercised: "[W]hen we're dealing with Personal Representative fees, I think we're bound by 45-3-719 and the prior history of that, and I think the Court is required to apply the statutory fee schedule."

Based on a probate estate of $3,043, which was taken from a 1978 estate inventory, and upon the court's request, the witness calculated the statutory fee to be $302. Accordingly, the trial court awarded Catron, as personal representative, "the statutory fee of $302." The trial court found, however, that through the combined efforts of Catron and the estate attorneys, the estate was valued at $15,000. The court denied the law firm's request for reimbursement for the costs of legal research performed by its law clerk.

## ISSUE 1

Whether the court erred in awarding a personal representative's fee of $302.

Although the trial court found that Catron spent 192 hours in his duties as personal representative, the court, citing Section 45-3-719, awarded Catron only $302. Given the diminutive nature of the fee award, it is apparent the court believed it was limited in its award to the formula set out in Section 45-3-719. We first note that Rueckhaus' expert witness testified that $302 was the only permissible fee under

the statute. Second, we do not believe that the trial court would award Catron only $1.57 ($302 divided by 192 = $1.57) per hour as personal representative had it not believed that the formula controlled.

Prior to 1976, former statute NMSA 1953, Section 31–10–1 read in pertinent part:

> **Compensation for administrators and executors.** Administrators and executors shall be entitled to a compensation of ten (10) per cent on the first three thousand dollars ($3,000) and of five (5) per cent on all amounts in excess of the first three thousand dollars ($3,000) upon property at its appraised value * * * *

In 1976, however, the state legislature modified the statute's introductory language by adopting a new section, NMSA 1976–77 Interim Supplement, Section 32A–3–719 (now codified as Section 45–3–719), which provides in pertinent part:

> *Unless otherwise ordered by the court,* a personal representative shall be entitled to a compensation of not more than ten percent on the first three thousand dollars ($3,000) and of not more than five percent on all amounts in excess of the first three thousand dollars ($3,000) upon property at its estimated value * * * * [Emphasis added.]

■ Courts assume that the legislature will not enact useless statutes or amendments. *See State ex rel. Bird v. Apodaca,* 91 N.M. 279, 573 P.2d 213 (1977). When the legislature enacts a new law or amends an existing one, it does so for the express purpose of changing the law as it previously existed. *Id.* There would have been no need to add the language "[u]nless otherwise ordered by the court" had the legislature wished to restrict the trial court's discretion.

■ While the prior statute and the cases interpreting it restricted the trial court's exercise of discretion, the 1976 amendment granted the court authority to modify the general compensation formula. We recently held, however, that the amended statute continues to restrict the trial court's authority to award compensation with respect to certain kinds of assets. *See*

*In re Estate of Corwin,* 106 N.M. 316, 742 P.2d 528 (Ct.App.1987). Thus, the introductory phrase does not give the trial court authority to award fees above the reduced percentages provided for certain liquid assets. *Id.* Nevertheless, on these facts, the trial court had the authority to award reasonable fees above the amount authorized by the general compensation formula.

Even if the trial court had determined that the facts and circumstances concerning this estate did not warrant a fee award other than that provided in Section 45–3–719, the award could not be upheld. Although the fee award coincided with the calculation presented by Rueckhaus' witness, based on an estate valued at $3,043, the trial court specifically valued the estate at $15,000. The statutory fee based on an estate of $15,000 exceeds $302. Thus, the court's fee award is not supported by the findings. *See Watson Land Co. v. Lucero,* 85 N.M. 776, 517 P.2d 1302 (1974). Accordingly, we hold the trial court erred in awarding only $302 in personal representative fees.

■ We remand this case for a new hearing so that the court may consider whether the facts and circumstances surrounding this case warrant a fee award above that provided by the formula. On remand, Catron, as personal representative, bears the burden of showing an entitlement to compensation above that provided by statute. He must show that the services for which he seeks additional compensation are not usual to an ordinary estate administration, and further he must show the reasonable value of his services to the estate, considering the value of the estate. *See* 31 Am.Jur.2d *Executors and Administrators* § 497 (1967).

■ Further, the trial court apparently believed it was restricted in awarding fees under Section 45–3–719 irrespective of the fact that Catron spent 98.5 hours of time performing legal work. However, an attorney who performs legal work as a portion of his personal representative duties is entitled to attorney fees for that time. *See In re Estate of Brown,* 653 P.2d 928 (Okl.

1982); *In re Estate of Hackett,* 51 Ill. App.3d 474, 9 Ill.Dec. 592, 366 N.E.2d 1103 (1977); *see generally* 31 Am.Jur.2d *Executors and Administrators* § 500 (1967).

Although the majority rule seems to be that such compensation is not authorized in the absence of statute, *see* Annot., *Right of Executor or Administrator to Extra Compensation for Legal Services Rendered by Him,* 65 A.L.R.2d 809 (1959), we believe the introductory phrase added in 1976 authorizes an allowance beyond Section 45–3–719 for the performance of extraordinary services including legal services. In view of this addition to the statute, on remand, in addition to compensation as personal representative under Section 45–3–719, the trial court may award Catron attorney fees under NMSA 1978, Section 45–3–720 for the 98.5 hours of legal services he rendered. Catron must show, however, that those legal services are not ordinarily performed by a personal representative and were not duplicative of those legal services rendered by his firm. Further, Catron must show the reasonable value of such services. *See In re Estate of Hackett.*

Part of the dispute between Catron and Rueckhaus concerned a trust created by Greig prior to her death. In July 1983, Catron was successful in obtaining a district court judgment compelling Rueckhaus to convey the estate assets to him. The judgment further provided that "to the extent that the assets of the estate of Beatrice Greig are insufficient, the assets of the Beatrice Greig Living Trust are available for the reasonable expenses of estate administration as may be allowed * * * *"

■ At the personal representative's fee hearing, the parties disagreed as to whether the trial court could consider the value of the trust assets in setting the fee. We hold it cannot. Section 45–3–719 requires that a personal representative shall be entitled to compensation "upon property at its estimated value which *shall come* into his possession...." (Emphasis added.) *Cf. In re Estate of Wylie,* 342 So.2d 996 (Fla.App. 1977) (appointive assets not to be included in calculating donee's executor fees and

attorney fees). Here, the trial court concluded that only estate assets were to "come into" Catron's possession. Accordingly, on remand, only estate assets may be considered in setting the personal representative's fee.

## ISSUE 2

Whether the court erred in its award of attorney fees and its denial of costs.

It is undisputed that Catron's attorneys are, likewise, entitled to compensation for their services. *In re Ferrill,* 99 N.M. 503, 660 P.2d 593 (1983). The compensation authorized for attorneys is generally the same as that allowed personal representatives. § 45–3–720. Upon a showing of proper cause, however, the trial court may award a different fee. *Id.*

The trial court's findings and conclusions indicate that in setting the attorney compensation, the court considered the value of Greig's estate, time expended, the benefits of litigation and the corollary district court lawsuit. Based on these considerations, the trial court awarded attorney fees of $6,000 and denied counsel's request for reimbursement of costs.

■ There is much discretion vested in the trial court on matters concerning the appropriateness of attorney fees and the awarding of costs. *Fryar v. Johnsen,* 93 N.M. 485, 601 P.2d 718 (1979). The test is not what we would have done had we heard the fee request, but whether the trial court's decision was clearly against the logic and effect of the facts and circumstances before the court. *See State v. Hargrove,* 81 N.M. 145, 464 P.2d 564 (Ct.App.1970). Stated otherwise, our inquiry is limited to the question of whether the trial court's decision was beyond the bounds of all reason. *See State v. Smith,* 92 N.M. 533, 591 P.2d 664 (1979); *Paternoster v. La Cuesta Cabinets, Inc.,* 101 N.M. 773, 689 P.2d 289 (Ct.App.1984); *Newman v. Basin Motor Co.,* 98 N.M. 39, 644 P.2d 553 (Ct.App. 1982). Under the facts and circumstances of this case, we do not view the trial court's award, concerning costs and fees, as an abuse of discretion.

## CONCLUSION

In sum, because the $302 award is not supported by the findings and because the court erred in believing it was without discretion to alter the statutory fee formula, we reverse and remand for a new hearing so that an appropriate personal representative fee may be awarded. We affirm, however, the trial court's decision regarding attorney fees and costs.

IT IS SO ORDERED.

BIVINS and MINZNER, JJ., concur.