399 P.2d 279

**Harrison F. GAMMON, Plaintiff-Appellee,**

**v.**

**EBASCO CORPORATION, Employer, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellants.**

**No. 7546.**

Supreme Court of New Mexico.

Feb. 15, 1965.

Rehearing Denied March 11, 1965.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellees.

Tansey, Wood, Rosebrough & Roberts, Farmington, for appellants.

J. M. SCARBOROUGH, District Judge.

On October 10, 1961, the appellee, Gammon, suffered an accidental injury arising out of and in the course of his employment as an ironworker, by the appellant, Ebasco Corporation. He consulted Dr. Kendall of Farmington concerning low back pain, was hospitalized for about a week, received out-patient care for several weeks and then returned to work for Ebasco on a light duty status on November 7, 1961.

On January 3, 1962, appellee voluntarily terminated his employment with the appellant employer, complaining of increased pain in his back and consequent inability to continue his work.

Dr. Kendall referred appellee to Dr. Forbis of Albuquerque, who examined and treated him on January 18, 23, 25 and February 8. Dr. Forbis advised that appellee could return to light duty work, which he did, working for Boeing Catalytic from

February 14 to May 23, 1962, when he voluntarily terminated to seek another job.

On June 7, 1962, appellee began work with Dearborn Machinery Movers. Within an hour and a half after beginning to work for Dearborn, he suffered an onslaught of severe pain in his low back, accompanied by paralysis of his legs. This episode of acute pain and obvious disability arose as appellee was stooping to lift a heavy object but apparently before he had actually begun to lift. Incidentally, appellee has filed suit against Dearborn, claiming total permanent disability as a result of the accident of June 7, 1962, which case was pending at the time of trial of the case here on appeal.

He was taken first from his place of employment with Dearborn to a physician in Colorado, who administered heavy doses of drugs designed to relieve pain, and was then taken straightway to Albuquerque, where he was seen, hospitalized and treated by Dr. Conklin, an associate of Dr. Forbis.

During the week or so he was being treated by Dr. Conklin, he was not seen by Dr. Forbis at all; but Dr. Forbis did review the records maintained by Dr. Conklin, of his findings and treatment.

Dr. Forbis did later see and examine appellee in March and on May 6, 1963, both examinations having been made in anticipation and preparation for trial.

On the trial of this cause, the court found the appellee totally disabled for stated periods of time between the date of the accident and August 6, 1962, such periods coinciding generally with his periods of unemployment between the two outside dates. The court found that appellee's disability was "remitted" from August 6, 1962, until January 15, 1963, during most of which time he was employed. The court further found that the appellee was partially and permanently disabled to the extent of 30% from January 15, 1963.

The appellant insurer paid compensation at the legal rate for the earlier periods following the accident of October, 1961 during which the appellee was unemployed and paid also the medical and hospital charges incurred in connection with treatment by Dr. Kendall and Dr. Forbis. It should be mentioned that all of Mr. Gammon's several jobs between October, 1961, and January, 1963, except possibly one as to which the evidence was not clear, were at a salary rate equal to that he was paid by Ebasco Corporation at the time of the first accident.

From the judgment of the trial court, awarding temporary total and permanent partial disability benefits and possible future medical, the appellants, appeal, asserting a number of points for reversal, only the first of which it will be necessary for us to consider.

As their first point, appellants state: "There is no evidence to a medical probability of a causal connection between the

injury of October, 1961, and appellee's alleged disability." Based upon this assertion of error, appellants massively attack pertinent findings and conclusions of the trial court. We find appellants' position sound and dispositive of the entire appeal, rendering completely unnecessary and inappropriate the consideration by us of other points raised by appellants.

Paraphrased, § 59–10–13.3, N.M.S.A.1953, provides that compensation shall be allowed only when the workman suffers a disability established by expert medical testimony to be the natural and direct result of the accident as a medical probability (when such causal connection is denied by the defendants, as it is here).

The statutory provision is mandatory; its requirement is clear. It has been construed twice by this court since its enactment as a part of Chapter 67, Laws 1959.

The section referred to was first considered by this court in Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824. Mr. Justice Noble, speaking for the court, stated at page 336 of 70 N.M. at page 827 of 373 P.2d:

"To entitle a workmen's compensation claimant to recover he must establish causal connection between the accident and the injury complained of as a medical probability. *It is not sufficient that causal connection be established by expert testimony as a medical possibility.* * * *" (Italics added).

In Yates v. Matthews, 71 N.M. 451, at page 453, 379 P.2d 441, at page 442, this court said:

"*The language of the statute is clear and unambiguous in its requirement that medical testimony be produced to establish causal connection between an accident and disability.* The requirement is not that this be established by direct and uncontroverted evidence, but as a medical probability. This would seem to envisage opinion evidence of a medical expert. In other words, *where causal connection is denied by an employer, in order to prevail, it is now encumbent upon a claimant to present one or more qualified medical experts to testify that in his or their opinion there is a causal connection as a medical probability as opposed to possibility.* * * *" (Italics added.)

Thus we are required and permitted only to determine whether the "expert medical testimony" does establish or is sufficient to establish the causal connection between the accident and the disability as a medical probability.

Dr. Forbis and Dr. Gene R. Smith were the only medical experts who testified on the trial of this cause. Dr. Smith examined the appellee only for the purpose of testifying on the trial and was called as a witness by the appellants. Appellee does not even claim that Dr. Smith's testimony supports appellee's position. Our examination of the

transcript of his testimony confirms appellee's appraisal of this portion of the record.

But appellee argues that the testimony of Dr. Forbis does supply the necessary proof, while appellants contend to the contrary. We recognize, of course, that the burden in this court rests upon the appellants; and we agree without reservation that the evidence and all inferences that may reasonably be drawn therefrom must be construed in the light most favorable to the appellee, all to the end that the trial court's findings shall not be disturbed if supported by substantial evidence. Lucero v. C. R. Davis Contracting Co., 71 N.M. 11, 375 P.2d 327.

We have in mind, too, that this court has repeatedly held that the Workmen's Compensation statute of New Mexico is to be liberally construed to accomplish the beneficent purposes for which it was enacted. Mascarenas v. Kennedy, 74 N.M. 665, 397 P.2d 312; Montell v. Orndorff, 67 N.M. 156, 353 P.2d 680.

Even so, a careful study of the testimony of Dr. Forbis convinces us that there is no substantial evidence to establish that, as a "medical probability" the disability of the appellee is the "natural and direct result of the accident" of October 10, 1961.

In his brief, appellee directs the court's attention to portions of the testimony of Dr. Forbis. We assume that appellee intended to select the portions of the testimony most favorable to his position and our study of the transcript confirms this assumption. The difficulty of appellee's undertaking, however, is emphasized by a consideration of appellee's argument relative to Dr. Forbis' testimony. It includes the following, taken from appellee's brief:

"Dr. Forbis was unable to positively say that the October injury was the proximate cause of the present disability. On the other hand neither was he able to say that it was not the proximate cause. * * * [H]e felt that the second injury was an aggravation of the first. * * *

"Of course, Dr. Forbis could not define how much of appellee's disability was caused by the original injury, nor how much was caused by the second. * * *"

The fatal weakness of appellee's case, as reflected in his argument, is further emphasized by a consideration of some of the actual language used by Dr. Forbis in testifying. We quote from the transcript as follows:

"Q * * * Could part of his findings [sic] in January of 1962 be attributable to a back injury in 1952? (The evidence revealed an injury to plaintiff's back in 1952.)

"A   It could be. .

\*   \*   \*   \*   . \*   \*

"Q   And in March of 1963, could
     you determine whether or not
     your findings as of that time
     were attributable to June, 1962,
     as opposed to October, '61?

"A   No, sir, I could not.

\*   \*   \*   \*   \*   \*

"Q   And your findings of yesterday
     Doctor, [i. e. the day before the
     trial] would be an aggregate of
     all prior accidents, would they
     not?

"A   Yes, sir.

"Q   And that would also be true of
     your findings in March of 1963?

"A   Yes, sir.

\*   \*   \*   \*   \*   \*

"Q   Would the injury of June, 1962,
     be a part of the cause of his
     present condition?

"A   I think I have just said numer-
     ous times that I couldn't break
     them down."

■ Appellee argues that the causal con-
nection required to be proved does not have
to be proved conclusively and we agree.
But there must be some proof; and the
proof must be substantial; and in New
Mexico it must at least permit of a reason-

able inference that the disability is the
natural and direct result, as a medical
probability, of the accident which is in-
volved in the case under trial and not of
some other accident which occurred nine
years before or eight months after the ac-
cident in question.

■ We agree, too, that the medical ex-
pert need not state his opinion in positive,
dogmatic language or in the exact language
of the statute. But he must testify in lan-
guage the sense of which reasonably con-
notes precisely what the statute categorical-
ly requires. The testimony here, viewed in
the most favorable light we are able to
bring to bear upon it, did not meet that test.
It may or may not be of significance that
Dr. Forbis was never asked a question con-
cerning causal connection between the ac-
cident and the claimed disability in the
language of the statute or in language
readily identifiable with the purport of the
statute.

There being no substantial evidence to
support a critical and essential part of ap-
pellee's case and the court's findings of fact
relative thereto, it follows that the judg-
ment of the trial court must be reversed
and the case remanded with instructions
that the judgment heretofore entered be set
aside and that appellee's complaint be dis-
missed. It is so ordered.

CHAVEZ and COMPTON, JJ., concur.