725 P.2d 575

**Edward DiMATTEO, Plaintiff-Appellee,**

**v.**

**The COUNTY OF DONA ANA, State of New Mexico, By and Through its governing BOARD OF COUNTY COMMISSIONERS; Fireman's Fund, and Rockwood Insurance Company, Defendants-Appellants.**

**No. 8068.**

Court of Appeals of New Mexico.

Oct. 22, 1985.

Certiorari Quashed Sept. 8, 1986.

Lawrence M. Pickett, Gordon Berman, Pickett, Bates & Holmes, Las Cruces, for plaintiff-appellee.

Michael Burns, Daniel J. Acosta, Campbell, Reeves & Chavez, P.A., Las Cruces, for defendant-appellant Rockwood Ins. Co.

Larry Ramirez, Weinbrenner, Richards, Paulowsky & Sandenaw, P.A., Las Cruces, for defendant-appellant Fireman's Fund.

## OPINION

ALARID, Judge.

Defendant Rockwood Insurance Company (Rockwood) appeals from a judgment for plaintiff in this workmen's compensation case. The judgment awarded the cost of medical services incurred, and to be incurred, as a result of an on-the-job accident, and attorney fees. Rockwood contends that: (1) there was no finding that the resulting injury "arose out" of plaintiff's employment; (2) there was no finding, nor evidence, that the injury was disabling; (3) there was no medical evidence to establish a causal connection between the accident and subsequent injury; (4) there was no proper finding regarding timely notice to the employer, nor evidence to support a finding of timely notice; (5) the judgment rendered was defective because it did not specify an amount due; (6) there was a lack of evidence as to medical expenses; and (7) the award of attorney fees constituted an abuse of discretion. Issues not briefed are abandoned. *State v. Ortiz*, 90 N.M. 319, 563 P.2d 113 (Ct.App.

1977). We affirm in part, reverse in part, and remand with instructions.

**FACTS**

On April 14, 1982, plaintiff, an employee of the Dona Ana County Sheriff's Department, injured himself while inspecting an air-conditioning unit on the roof of the Dona Ana jailhouse. While reaching to loosen a wire around a unit, he felt a burning sensation in his back. The following day, he experienced a great deal of soreness in his back. Five or six days later, he suffered from pain in the back and down the left leg.

Plaintiff had suffered three previous work-related injuries to his back in February 1973, July 1973, and June 1974. Between 1973 and 1982, he was treated by various physicians and, in 1973, underwent surgery for a ruptured disc. Prior to 1982, he was still experiencing intermittent back pain, and was restricted in his bending and stretching movements.

Dr. Nelson operated on plaintiff in 1973, and saw him until 1983. After April 14, 1982, Dr. Nelson treated plaintiff for his pain in the back and left leg with muscle relaxants and painkillers, and eventually ordered hospitalization for a spinal myelogram in June 1982. The myelogram showed "deformity" in portions of the lower back region and a possible disc protrusion. After the hospitalization, Dr. Nelson continued him on medication and ordered a nerve stimulation device be used.

As of October 1983, Dr. Nelson believed that additional surgery was not indicated, but that recurring pain would be a future reality. In a letter to counsel dated October 7, 1983, Dr. Nelson stated, furthermore, that he felt the April 14 incident was an aggravation of a previous injury, that plaintiff was presently taking anti-inflammatory medication, and that plaintiff would be seen periodically for his pain in the future.

Plaintiff initially filed a complaint for disability and medical benefits on November 3, 1982. However, at trial, on December 15, 1983, plaintiff withdrew his claim for disability and indicated he was seeking payment only for medical bills incurred after the April 14, 1982 accident. Rockwood refused payment of these bills. It contended that any present problems were the result of the February 1973 accident, which occurred prior to Rockwood's contract for workmen's compensation coverage. Rockwood commenced coverage on August 1, 1981.

Defendant Fireman's Fund paid medical benefits to plaintiff prior to August 1, 1981. On that date, Fireman's Fund terminated its workmen's compensation coverage for Dona Ana County. The liability of Fireman's Fund is not at issue under the resolution of this appeal.

Judgment for plaintiff was entered on September 7, 1984. The terms specified that Rockwood was obligated to pay medical care, physician and hospital costs beginning on April 14, 1982, and that plaintiff was entitled to collect $2,000.00 in attorney fees.

**DISCUSSION**

Plaintiff argues at the outset, that Rockwood has waived the issues raised in its brief by either failing to request findings or by omissions in the docketing statement. We find, however, that the issues briefed were preserved, and that plaintiff's contention is without merit.

**I. FINDING AS TO "ARISING OUT OF" EMPLOYMENT**

Rockwood argues that there was no finding that any injury subsequent to April 14, 1982 "arose out of" plaintiff's employment and that, absent such a finding, any subsequent injury was not within the scope of the compensation statutes. *See Hernandez v. Home Education Livelihood Program, Inc.*, 98 N.M. 125, 645 P.2d 1381 (Ct.App.1982). The statutes require that an accidental injury arise out of and in the course of the workman's employment to be compensable. NMSA 1978, §§ 52–1–9 and –28; *Sena v. Continental Casualty Co.*, 97 N.M. 753, 643 P.2d 622 (Ct.App.1982).

Rockwood's position is without merit. Finding No. 10 provides:

On April 14, 1982, plaintiff suffered an accidental injury while in the course and scope of his employment while inventorying and numbering air conditioners.

Finding No. 14 provides:

Plaintiff has incurred and reasonably will incur medical expenses due to the symptomatic problems with his lower back exacerbated by the incident of April 14, 1982.

"Arise out of" relates to cause. *Hernandez.* "Exacerbated by" is, under the facts, equivalent to "cause of" the injury. The findings, taken together, include the necessary prerequisites for coverage under the statutes.

Moreover, the letter of Dr. Nelson wherein he states that "the incident related [of April 14, 1982] is a sufficient reason to consider this [pain] an aggravation of a previous injury" provides substantial evidence that problems resulted from the incident.

## II. ABSENCE OF EVIDENCE, AND FINDING OF DISABILITY

Rockwood also appears to contend that because there was no evidence, nor finding, as to disability, plaintiff was precluded from an award for medical expenses. However, disability was not at issue here because of plaintiff's relinquishment of that claim. An award of medical expenses is properly made despite the absence of a finding of disability. *Mirabal v. Robert E. McKee, General Contractor, Inc.,* 77 N.M. 213, 421 P.2d 127 (1966). Rockwood's contention is erroneous.

## III. MEDICAL EVIDENCE OF CONNECTION BETWEEN ACCIDENT AND INJURY

Rockwood argues there was no testimony that, as a medical probability, the injury subsequent to April 14, 1982 resulted from the incident of April 14, 1982. Such medical testimony is necessary to establish disability, which is not at issue here. *Mirabal.* Rockwood, nevertheless, over-looks the letter opinion of Dr. Nelson. That the opinion does not track the exact language of Section 52–1–28(B), is not fatal. Dr. Nelson's statement, referred to earlier, "reasonably connotes precisely what the statute categorically requires." *Gammon v. Ebasco Corp.,* 74 N.M. 789, 794, 399 P.2d 279 (1965). The statement is sufficient to link the injury with the accident. *Id.*

## IV. EVIDENCE AND FINDING OF NOTICE

Rockwood challenges the sufficiency of Finding No. 11, and argues that there was no evidence to establish that plaintiff, in writing, notified his employer of the injury and accident within thirty days after their occurrence, as mandated by NMSA 1978, Section 52–1–29. Finding No. 11 states:

Plaintiff notified Robert Wesel, personnel Director for defendant employer within thirty (30) days of the injury.

Rockwood correctly points out that notice of both the injury *and* accident within thirty days after their occurrence is a requirement if written notice is relied on. *Herndon v. Albuquerque Public Schools,* 92 N.M. 635, 593 P.2d 470 (Ct.App.1978). The finding, however, goes to actual, rather than written, notice.

Section 52–1–29(B) further provides, however, that no written notice is required where the employer had "actual knowledge" of the occurrence of the accident. *See Beckwith v. Cactus Drilling Corp.,* 84 N.M. 565, 505 P.2d 1241 (Ct.App.1972). Robert Wesel, the personnel director in charge of compensation claims, testified that plaintiff notified him, in April, "shortly after the occurrence" of the injury, which plaintiff briefly described, and of the manner in which the accident took place. The requirements of Section 52–1–29(B) were met. *See Herndon.*

Rockwood does not dispute the existence of this transaction. Rockwood cites this testimony in its brief, but seeks, rather, to elaborate upon ambiguities present in the

written report of injury submitted by plaintiff as to the date of injury. Given Wesel's testimony, we are unconcerned with the written report. There was actual notice, which was timely.

## V. UNCERTAINTY OF JUDGMENT AND LACK OF EVIDENCE OF MEDICAL EXPENSES

Rockwood attacks the uncertainty of the judgment in terms of the amount and nature of liability specified therein. The judgment provides:

> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREE [sic] that Rockwood Insurance Company was the insurance carrier on April 14, 1982, and the medical care, physician, hospital and medication costs beginning April 14, 1982 are the obligation of Rockwood Insurance Company.
>
> IT IS FURTHER ORDERED that Fireman's Fund Insurance Company was the workmen's compensation carrier for the County of Dona Ana, State of New Mexico until August 1, 1981, and ceased coverage thereafter.
>
> IT IS FURTHER ORDERED that Plaintiff is entitled to recover attorney's fees for the preparation and presentation of his case in the amount of $2,000.00 from Rockwood Insurance Company.

Rockwood first contends that any judgment must set a certain dollar amount on accrued medical costs incurred by the plaintiff, and limit Rockwood's obligation to medical costs related to the April 14, 1982 accident.

Rockwood further contends, however, that there is no evidence to support the finding that plaintiff incurred medical expenses as a result of the April 14 incident because of the absence of medical bills in evidence, and the failure to present evidence as to the reasonableness of any charges and the necessity of any medical services.

■ At trial, plaintiff testified that he incurred, as a result of the April 14 accident, "about" $1,500.00 in doctor bills and "about" $600.00 in drugstore bills. This testimony is insufficient to sustain an award. Medical treatment for which payment is sought in a compensation case must be shown to be reasonably necessary. NMSA 1978, § 52–1–49(A); *Cardenas v. United Nuclear Homestake Partners,* 97 N.M. 46, 636 P.2d 317 (Ct.App.1981). A bill for medical services rendered is prima facie proof of reasonableness. *Scott v. Transwestern Tankers, Inc.,* 73 N.M. 219, 387 P.2d 327 (1963). No bills were introduced in support of the amounts to which plaintiff testified and there is no testimony as to reasonableness. However, despite Rockwell's assertions to the contrary, four bills were introduced into evidence, as Defendant's Exhibit R3, which show expenses incurred after the April 14 incident. One bill shows the cost of a prescription drug prescribed by Dr. Nelson; a second bill shows the cost of instruction associated with use of the nerve stimulation device ordered by Dr. Nelson; a third bill shows the cost of rental of the stimulation device; and a fourth bill shows the cost of the myelogram performed after the April 14 incident. These bills were in evidence; they were prima facie proof of reasonableness. *Scott.* The bills in evidence totaled $526.52. Plaintiff is entitled to recover this amount.

■ Defendant is correct, however, that the judgment is uncertain and defective in this regard. NMSA 1978, Section 52–1–38(A), provides that in a workmen's compensation case "judgments shall be against the defendants and each of them *for the amount then due,* and shall also contain an order * * * for the payment to the workman * * * the further amounts he is entitled to receive." (Emphasis added.) The statute plainly mandates that a quantifiable sum be specified for medical expenses proved at trial. The judgment must be corrected to reflect the sum due.

The troubling question we must answer is whether plaintiff should have been allowed to present additional evidence, which he offered post-trial, to establish medical expenses in excess of $526.52 allegedly in-

curred at the time of trial but not proved at trial. A review of the post-trial proceedings is necessary in order to answer this question.

Trial on the merits ended on December 15, 1983. On June 1, 1984, the court submitted a letter decision to counsel which tracked the language of the later findings and conclusions and judgment. The court instructed counsel to submit findings and conclusions if they so desired. On June 6, 1984, Rockwood filed proposed findings and conclusions, and also filed a "Motion For Preservation of the Record" wherein it requested a hearing to preserve the record on the issues of (1) the absence of evidence of medical bills; (2) the lack of expert testimony on causal connection between the accident and injury; (3) the lack of notice to Rockwood; and (4) the basis for the award of attorney fees.

A hearing was held on this motion on June 27, 1984. Rockwood never attempted to present additional evidence at this hearing, but used the hearing to argue the points raised in its motion. However, on the day of the hearing, Rockwood received from plaintiff additional medical bills not introduced at trial. Plaintiff's counsel stated to the court that he "did not expect" the amount of medicals to become an issue, but that Rockwood's motion created the issue. Rockwood objected to the introduction of the bills at the hearing, viewing their introduction as "in effect another re-opening" of the case.

The court did not receive the additional evidence because it saw no necessity in doing so. It was of the opinion that such evidence did not have to be introduced at the trial. In its view, only proof of a compensable injury was required. The court took the position that plaintiff properly should submit his accrued expenses for payment to Rockwood. Another court hearing was only required on the amount and necessity of these expenses if Rockwood were to deny payment.

■ The trial court's reasoning was incorrect. Plaintiff sought the recovery of medical expenses. He had the burden of

proof (persuasion) that the medical expenses were reasonably necessary. Section 52–1–49(A); *Scott.* Worker's compensation claims, including medical expenses, are to be resolved at trial. NMSA 1978, § 52–1–35(A). A trial is a judicial investigation and determination of the issues between the parties. *Board of County Com'rs of Quay County v. Wasson,* 37 N.M. 503, 24 P.2d 1098 (1933). *See New Mexico State Highway Department v. Bible,* 38 N.M. 372, 34 P.2d 295 (1934). Our compensation statute does not authorize the "prove at any time" reasoning of the trial court.

■ We recognize that a court may reopen the evidence in a case at its discretion. *Foreman v. Myers,* 79 N.M. 404, 444 P.2d 589 (1968). Even if we were to treat plaintiff's attempt to introduce the medical bills as a motion to re-open, and if we were to treat the court's decision not to receive the bills as a denial of that motion, there would have been no abuse of discretion on the part of the court. Plaintiff's counsel never demonstrated that the additional bills could not have been presented at the time of trial. He admitted, in fact, that the amount of the expenses was simply not deemed relevant at trial. On this basis, the refusal to receive the medical bills, as evidence, was not error. *See Latta v. Harvey,* 67 N.M. 72, 352 P.2d 649 (1960).

## VI. ATTORNEY FEES

■ The trial court award of $2,000.00 as attorney fees was based, as the court noted, on the file, depositions, and the evidence at trial. Because the judgment must be corrected, to limit the liability under the judgment, we will not consider the propriety of the present award. Instead, we direct the trial court to recompute the amount of attorney fees based on the corrected judgment. The trial court is to make findings on attorney fees under the guidelines expressed in *Board of Education of the Espanola Municipal Schools v. Quintana,* 102 N.M. 433, 697 P.2d 116

(1985), and *Woodson v. Phillips Petroleum Co.*, 102 N.M. 333, 695 P.2d 483 (1985).

## CONCLUSION

The case is remanded with instructions that a new judgment be entered which, first, orders Rockwood to pay plaintiff $526.52 as accrued medical expenses, such amount representing the total of the four bills in evidence. Second, the judgment must be corrected to specify that Rockwood is only obligated for future medical expenses related to the accident of April 14, 1982. Third, the award of attorney fees is to be recomputed.

Plaintiff is awarded $1,500.00 for attorney fees on appeal.

IT IS SO ORDERED.

DONNELLY, C.J., and WOOD, J., concur.