FRANCES QUINN, APPELLANT, V. ARCHBISHOP BERGAN MERCY HOSPITAL AND AETNA INSURANCE COMPANY, DEFENDANTS AND THIRD-PARTY PLAINTIFFS, STATE OF NEBRASKA, SECOND INJURY FUND, THIRD-PARTY DEFENDANT, APPELLEES.

439 N.W.2d 507

Filed May 5, 1989.   No. 88-807.

John W. Wynkoop for appellant.

Patrick B. Donahue, of Cassem, Tierney, Adams, Gotch & Douglas, for appellees Archbishop Bergan Mercy Hospital and Aetna Insurance Company.

BOSLAUGH, WHITE, CAPORALE, and GRANT, JJ., and RIST, D.J.

WHITE, J.

Frances Quinn appeals to this court following a decision of the Workers' Compensation Court modifying an award on rehearing. In the first hearing the claimant was awarded at least 4 hours of home health care a day. On rehearing, the Workers' Compensation Court modified the award, reducing the amount of home health care to $1\frac{1}{2}$ hours per day. It is with this modification the appellant claims error, contending that a minimum of 3 to 4 hours of home care a day is medically necessary.

A review of the record establishes the following facts. The appellant, Frances Quinn, is a 55-year-old woman. As a result of injuries suffered while in the appellee Archbishop Bergan Mercy Hospital's employ, Quinn has undergone three hip surgeries, the third resulting in a total hip revision. Quinn requires the use of a brace for her hip and the use of crutches for ambulation. Following Quinn's release from the hospital after the hip revision surgery, the appellee Aetna Insurance Company was notified by a representative of the social services department of the Mayo Clinic that Quinn would need assistance upon her return to Omaha. This home care began on October 5, 1986, and continued at the level of 6 hours a day each day her husband was at work, through July 5, 1987.

On July 6, Aetna reduced the home health care allowance to

$1^1/_2$ hours for each day Mr. Quinn was working outside the home. This reduction was instituted after Quinn contacted Aetna requesting that Aetna pay for her to be placed on the Optifast liquid diet program. Quinn said if she was on the program, the home health care aides would no longer be required to cook for her. Because Aetna had no idea that these aides were preparing Quinn's meals, they began closely reviewing precisely what the home help was doing during their stay at the Quinn residence. Upon closer examination, Aetna discovered that the home health care workers were performing what Aetna determined were primarily housekeeping functions for Quinn. Aetna then asked Quinn how much time the home health care workers spent assisting her in the bath, getting her dressed, and helping with her exercises. She replied about $1^1/_2$ hours, and Aetna reduced the home care time accordingly.

The appellant's husband is employed outside the home from 7 a.m. to 4 p.m., 5 days a week. Mr. Quinn generally prepares the evening meal, although Quinn testified that she sometimes prepares it for the two of them as her husband is tired when he gets home from work. When he is home, the husband will help Quinn with her showers.

Dr. C. Michael Kelly, appellant's attending physician, testified that the appellant did not require total nursing care, but that she did require assistance in the home with tasks such as housecleaning, bathing, and cooking. However, Dr. Kelly did state that the only medical help required is assistance in performing the strengthening exercises for Quinn's leg and hip. Dr. Kelly would order these exercises for 15 to 20 minutes a day, 2 to 3 days a week.

Neb. Rev. Stat. § 48-120 (Reissue 1988) provides that "the employer shall be liable for all reasonable medical, surgical, and hospital services" and that the Workers' Compensation Court "shall have the authority to determine the necessity, character, and sufficiency of any medical services." In reviewing a workers' compensation case, the findings of fact by the Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Currier v. Roman L. Hruska U.S. Meat Animal Res. Ctr.*, 228 Neb. 38, 421 N.W.2d 25

(1988); *Fees v. Rivett Lumber Co.*, 228 Neb. 617, 423 N.W.2d 483 (1988). In testing the sufficiency of evidence to support the findings of fact made by the Nebraska Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. *Fees v. Rivett Lumber Co., supra.* As stated above, the compensation court found that the medical needs of Quinn required only 1½ hours a day of care when her husband was at work. We find no reason to overturn that finding.

In determining what care is compensable by the injured claimant, this court has distinguished between care which is medical, and therefore recoverable, and purely custodial or housekeeping services, which are not recoverable. This court most recently addressed the issue of home health care in *Currier v. Roman L. Hruska U.S. Meat Animal Res. Ctr., supra.* In *Currier*, the plaintiff was injured when he fell into a fertilizer spreader from the back of a truck. As a result of the accident, Currier suffered a spinal injury and underwent surgery for a spinal fusion. Because of the severity of these injuries, Currier was confined to a hospital for over 2 years. The claimant was released from the hospital, upon the condition that he receive full-time nursing care at home. Although Currier's doctor had not prescribed any specific medical regimen after his release from the hospital, his doctor testified that Currier needed assistance in everyday tasks such as bathing, preparation of meals, and getting dressed; that he needed someone to relieve his pain during a muscle spasm; and that he needed someone to help him in the event of a fall. He also required a daily inspection for sores and infections.

In *Currier*, we adopted the test set forth by the concurrence in *Spiker v. John Day Co.*, 201 Neb. 503, 270 N.W.2d 300 (1978), for determining when home health care is a compensable expense. Although *Spiker* involved home health care provided by a spouse, in *Currier* we held that there is no distinction between the care provided by a spouse and that provided by an unrelated person. To determine whether the claimant is entitled to workers' compensation benefits for home health care, three basic requirements must be met: (1) The employer must have knowledge of the employee's disability and

need of assistance as a result of a work-related accident; (2) the care given by the spouse or other health care provider must be extraordinary and beyond normal household duties; and (3) there must be a means of determining the reasonable value of the services rendered by the spouse or other health care provider. In the present action, the first and third elements are easily met. It is the second element that is fatal to the appellant's claim.

As listed above, the care must be "extraordinary and beyond normal household duties." In this case, the care providers were primarily providing Quinn with housekeeping assistance, such as laundry, preparation of meals, and cleaning. As stated in *Currier, supra* at 45, 421 N.W.2d at 30: "Ordinary, noncompensable housekeeping tasks include cleaning, preparation of meals, and washing and mending clothes. Compensable tasks include serving meals in bed, bathing and dressing, administering medication, and assisting with sanitary functions." (Citations omitted.) In this action, the home health care providers are at the Quinn home for $1^1/_2$ hours each day. The only "medically necessary" task they are providing, according to Dr. Kelly, is assistance with Quinn's strengthening exercises, an activity Dr. Kelly testified in his deposition would take 15 to 20 minutes a day, 2 to 3 days a week. In addition, the care providers are currently assisting Quinn with her bath and in dressing. There is no evidence that this activity cannot be completed within the hour of compensable time remaining after her exercises have been performed. The other services that were being provided to Quinn, such as housecleaning, laundry, and preparing her breakfast and lunch, were clearly not compensable. As stated in *Currier, supra* at 44-45, 421 N.W.2d at 29:

> We note that this court is in accord with other jurisdictions which deny compensation for ordinary household duties which are performed by a spouse. The basis for such holdings is that a spouse performs such duties both for herself [in this case himself] and for her husband [wife] as a part of the marital relationship. Such considerations are not present in this case.

In contrast, these considerations *are* present in this case. Because Mr. Quinn is available to perform such duties as housecleaning, laundry, and meal preparation, Aetna cannot be required to pay another to perform these routine household tasks.

The Workers' Compensation Court determined that the services performed by the home health care providers were normal housekeeping services and were not medically necessary. In reviewing a workers' compensation case, findings of fact made by the Workers' Compensation Court will not be set aside unless clearly wrong. *Currier v. Roman L. Hruska U.S. Meat Animal Res. Ctr.*, 228 Neb. 38, 421 N.W.2d 25 (1988). Since there is evidence supporting the compensation court's judgment, the judgment is affirmed.

AFFIRMED.