797 P.2d 993

**Quaid ST. CLAIR, Plaintiff-Appellee,**

v.

**COUNTY OF GRANT and American General Insurance Company, Defendants-Appellants.**

No. 11630.

Court of Appeals of New Mexico.

Aug. 2, 1990.

Joseph Goldberg, William H. Carpenter, David J. Stout, Carpenter & Goldberg, P.A., Albuquerque, for plaintiff-appellee.

Alice Tomlinson Lorenz, Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, for defendants-appellants.

## OPINION

DONNELLY, Judge.

Defendants, Grant County and American General Insurance Company, appeal from an order of the district court in a workers' compensation action directing that defendants pay medical expenses to plaintiff, Quaid St. Clair, for home nursing and attendant care furnished by plaintiff's wife. We discuss: (1) whether the district court had jurisdiction to award home nursing and attendant care expenses; and (2) if the court had jurisdiction to order payment of such expenses, whether the award was excessive. We affirm in part and reverse in part.

Plaintiff was injured on March 17, 1983, when the road grader he was operating struck a large rock. Plaintiff suffered a severe head injury. Following his injury, plaintiff's mental condition deteriorated. After a hearing on the merits, the district court on June 20, 1984, entered a judgment determining that plaintiff had suffered brain damage and that he was permanently totally disabled, and directing, among other things, that defendants pay plaintiff's medical expenses, and "provide [plaintiff's] medical care and treatment as reasonably necessary ... including reasonable travel expenses...."

Following plaintiff's accident, his wife assisted in caring for him at home. On August 24, 1984, plaintiff filed a motion to reopen his workers' compensation action, asking the court to direct that defendants pay his accrued medical expenses. The motion did not, however, request reimbursement for home care or attendant care furnished by plaintiff's wife. At the hearing on the motion, plaintiff presented evidence that he remained totally disabled and that he was in need of some form of care and supervision twenty-four hours a day. At the completion of the hearing, the district court directed that defendants pay workers' compensation benefits and compensate "the various health care providers who have treated him for his injuries." The court further ordered that defendants "shall continue to provide reasonable medical care and treatment for his future medi-

cal condition resulting from such injury ... for 600 weeks, or until further Orders of the Court," and provide plaintiff with professional care whenever his wife was required to be absent from the home.

Defendants continued to pay plaintiff's medical expenses until early 1986 when they stopped paying medical benefits and requested that he submit to further medical evaluation. On March 5, 1986, defendants filed a motion seeking to compel plaintiff to submit to a physical examination, or alternatively requesting that the court diminish or terminate the payment of benefits.

On July 7, 1986, plaintiff's counsel moved to modify prior court orders relating to plaintiff's care and treatment seeking, inter alia, that the court "determine the future course of medical treatment needed by [him], and establish rules ... that [defendants] must abide by [in order] to provide prompt and necessary treatment of plaintiff's injuries." After a hearing, the district court entered an order on January 23, 1989, directing that plaintiff be compensated for his wife's medical and attendant services from the date of the accident on March 17, 1983 at a rate of $16.00 per hour for LPN-level care provided to her husband for eight hours per day, and $4.00 per hour for attendant-caretaker services for sixteen hours per day. The court entered judgment for plaintiff in the amount of $350,400.00 for home medical services provided to plaintiff by his wife from the date of the accident to March 17, 1988, and ordered that plaintiff receive monthly compensation for medical expenses reasonably necessary for the care and treatment of plaintiff. Additionally, the court directed that defendants pay for future necessary services rendered by plaintiff's wife from March 17, 1988 "into the future at a rate of $16.00 per hour for eight (8) hours and $4.00 per hour for sixteen (16) hours for LPN-type care and attendant care respectively."

## I. JURISDICTION

Defendants challenge the jurisdiction of the trial court to issue its January 23, 1989 order modifying the trial court's prior or-

ders relating to the payment of plaintiff's home care expenses. Defendants contend that because plaintiff did not experience any significant change in his condition and because his medical expenses had been originally adjudicated at the 1984 trial, the court lacked jurisdiction to reopen the case and grant plaintiff's motion for an award of additional home medical care expenses rendered by plaintiff's wife dating back to the time of his accident.

Plaintiff maintains that the order was proper and that NMSA 1978, Section 52–1–56 (Orig.Pamp.) invests the court with continuing jurisdiction over the worker's disability claim until the complete statutory period for payment of benefits has expired. *See Churchill v. City of Albuquerque,* 66 N.M. 325, 347 P.2d 752 (1959) (judgment not final until full statutory period has elapsed).

■■■ Plaintiff's injury and disability arose in 1983, predating subsequent amendments to the Workers' Compensation Act. Thus, the jurisdictional issue raised by respondents is governed, in part, by Section 52–1–56 as it existed at the time plaintiff's cause of action originally accrued. *See Noffsker v. K. Barnett & Sons,* 72 N.M. 471, 384 P.2d 1022 (1963). After plaintiff's disability, the legislature by 1986 N.M.Laws, chapter 22, section 35, enacted NMSA 1978, Section 52–5–9 (Repl.Pamp. 1987), authorizing a workers' compensation hearing officer to modify a prior compensation order "at any time within two years after the date of the last payment or the denial of benefits upon certain grounds, including 'mistake, inadvertance, surprise or excusable neglect.'" This statute, enacted during the pendency of the present case, does not apply to plaintiff's motion to modify filed in the instant action. *See US-Life Title Ins. Co. v. Romero,* 98 N.M. 699, 652 P.2d 249 (Ct.App.1982).

Although acknowledging that Section 52–1–56 grants the court continuing jurisdiction to increase a workers' compensation award where his disability has been shown to have increased, defendants nevertheless argue that under *Holliday v. Talk of the Town Inc.,* 98 N.M. 354, 648 P.2d 812 (Ct.

App.1982), and *DiMatteo v. County of Dona Ana,* 109 N.M. 374, 785 P.2d 285 (Ct.App.1989) (*DiMatteo II*), the trial court lacked jurisdiction to enter its January 23, 1989 order because there was no evidence of any increase or aggravation of plaintiff's original disability. Defendants also assert that since plaintiff's medical expenses were litigated in the original action, Section 52–1–56 does not authorize a retroactive additional award to plaintiff for his wife's services rendered from date of his initial injury, where such evidence was not previously presented and the court's order was entered more than four years after entry of the initial judgment on June 20, 1984.

Section 52–1–56(A), as it existed at the time of plaintiff's disability, provided in part that:

> The district court ... shall order diminution or termination of payments of compensation as the facts may warrant ... and if it shall appear upon such hearing that the disability of the workman has become more aggravated or has increased without the fault of the workman, the court shall order an increase in the amount of compensation allowable as the facts may warrant.

■■■ It is black-letter law that upon application of a party alleging the existence of facts warranting court action to increase or decrease a worker's adjudicated percentage of disability, the district court has continuing jurisdiction to reopen a workers' compensation award under Section 52–1–56. *Jaramillo v. Consolidated Freightways,* 109 N.M. 712, 790 P.2d 509 (Ct.App.1990); *Glover v. Sherman Power Tongs,* 94 N.M. 587, 613 P.2d 729 (Ct.App.1980); *Martinez v. Earth Resources Co.,* 90 N.M. 590, 566 P.2d 838 (Ct.App.1977). *See also Holliday v. Talk of the Town Inc.; Rumpf v. Rainbo Baking Co.,* 96 N.M. 1, 626 P.2d 1303 (Ct.App.1981). *Compare Armijo v. Save 'N Gain,* 108 N.M. 281, 771 P.2d 989 (Ct.App.1989) (discussing right to reopen workers' compensation proceedings in cases tried by the workers' compensation division). *See generally* 3 A. Larson, *The*

*Law of Workmen's Compensation* § 81.00 (1989).

The Workers' Compensation Act does not limit the court's continuing jurisdiction to enforce prior workers' compensation awards only to instances where the worker or employer has moved to increase or diminish disability benefits. Both NMSA 1978, Sections 52–1–38 and –56 (Orig.Pamp.) invest the court with continuing jurisdiction in workers' compensation actions.

NMSA 1978, Section 52–1–49(A) (Orig. Pamp.), as it existed at the time of plaintiff's disability, also provided:

> A. After injury, *and continuing as long as medical or surgical attention is reasonably necessary,* the employer shall furnish all reasonable surgical, physical rehabilitation services, medical, osteopathic, chiropractic, dental, optometry and hospital services and medicine unless the workman refuses to allow them to be so furnished. [Emphasis added.]

The obligation to furnish reasonably necessary medical services also includes a duty to pay necessary future reasonable medical and nursing maintenance expenses arising out of the work-related disability. *Shadbolt v. Schneider, Inc.,* 103 N.M. 544, 710 P.2d 738 (Ct.App.1985); *Gearhart v. Eidson Metal Prods.,* 92 N.M. 763, 595 P.2d 401 (Ct.App.1979). Since the trial court cannot practically determine the worker's future medical needs at the time of entry of a judgment finding disability, Section 52–1–49 authorizes entry of a judgment directing the payment of a worker's reasonable and necessary future medical expenses and invests the court with continuing jurisdiction to enforce such orders.

In order to recover for home medical services or attendant care expenses, proof must be presented that such expenses were reasonable and necessary and that they resulted from a worker's work-related disability. *Shadbolt v. Schneider, Inc.* In workers' compensation actions pending prior to the enactment of Section 52–5–9, absent a showing that the worker is entitled to relief under SCRA 1986, 1–059 or 1–060, evidence supporting claims for prior medical services incurred by the worker must be made at the time of trial. *DiMatteo v. County of Dona Ana,* 104 N.M. 599, 725 P.2d 575 (Ct.App.1985) (*DiMatteo I*). In order to recover for medical expenses incurred after entry of a final order awarding disability benefits, plaintiff must establish that the medical services were related to his disability and were reasonably necessary. *See Lea County Good Samaritan Village v. Wojcik,* 108 N.M. 76, 766 P.2d 920 (Ct.App.1988).

As observed in *DiMatteo I,* a judgment for compensation against an employer under Section 52–1–38(A) must be "for the amount then due," and the statute requires that a quantifiable sum shall be specified in the judgment for all medical expenses proved at trial. *DiMatteo I* also stated:

> [A worker has] the burden of proof (persuasion) that the medical expenses were reasonably necessary. Section 52–1–49(A); [*Scott v. Transwestern Tankers, Inc.*], Worker's compensation claims, *including medical expenses, are to be resolved at trial. NMSA 1978, § 52–1–35(A)....* Our compensation statute does not authorize the 'prove at any time' reasoning of the trial court. [Emphasis added.]

*Id.,* 104 N.M. at 604, 725 P.2d at 580.

The January 23, 1989 judgment, which is the subject of this appeal, ordered defendants to pay all of plaintiff's medical expenses which had been incurred up to March 17, 1988. The trial court had continuing jurisdiction under Section 52–1–38 to enforce its June 20, 1984 original judgment requiring defendants to pay "all reasonably necessary [future] medical benefits to Plaintiff," including reasonable and necessary *future* home nursing and attendant care expenses incurred by plaintiff following the entry of the initial judgment.

Defendants argue that although the Workers' Compensation Act provides for continuing jurisdiction, nevertheless, plaintiff has failed to establish a right to relief in the present case under Rules 1–059 and 1–060 to reopen or modify a prior judgment

relating to the payment of his medical expenses. Defendants contend that plaintiff's motion was untimely, having been made more than two years after the first trial and entry of the initial judgment, and that the evidence presented at such hearing failed to establish the existence of exceptional circumstances so as to justify a delay in the assertion of this claim under Rule 1–060. *See Mendoza v. Mendoza,* 103 N.M. 327, 706 P.2d 869 (Ct.App.1985).

Plaintiff's first motion to modify was filed on August 24, 1984, over sixty days following entry of the original judgment. This motion did not seek an award for spousal home care services. The trial court has jurisdiction for a period of thirty days to vacate or modify its prior judgments or final orders. *Fowler v. W.G. Constr. Co.,* 51 N.M. 441, 188 P.2d 160 (1947). *See also Mendoza v. Mendoza; Laffoon v. Galles Motor Co.,* 80 N.M. 1, 450 P.2d 439 (Ct.App.1969). After the expiration of the thirty-day time period for an appeal, the court may grant a new trial in instances where there has been a timely application pursuant to Rule 1–059, or in appropriate cases, the court may grant post-judgment relief under Rule 1–060. *See* NMSA 1978, § 52–1–34 (Orig.Pamp.).

Plaintiff's second motion to modify the initial judgment, which sought an award for his wife's home care services, was filed July 7, 1986, two years after entry of the initial judgment. While it is clear that the trial court had continuing jurisdiction in the case and broad discretion in deciding whether to reopen the evidence, *DiMatteo I,* nevertheless, such decision was subject to compliance with the provisions of Rules 1–059 or 1–060.

 Plaintiff argues that because defendants moved to diminish or terminate plaintiff's right to benefits, they are precluded from challenging plaintiff's right to obtain payment for his wife's home care services dating back to the time of his accident. There is a distinction, however, between the court's power to prospectively increase or reduce a worker's compensation based upon a showing that his disability has changed, and the court's authority to reopen a judgment to permit additional evidence on the issue of plaintiff's prior medical expenses. Under Section 52–1–56 the court was invested with continuing jurisdiction to increase, diminish, or terminate compensation benefits payable to an injured worker based upon evidence indicating a change in the worker's condition and justifying modification. *See Churchill v. City of Albuquerque.* Such motion, if granted, however, takes effect only prospectively. *See Goolsby v. Pucci Distrib. Co.,* 80 N.M. 59, 451 P.2d 308 (Ct.App. 1969); *see also Boaz v. K–Mart Corp.,* 254 Ga. 707, 334 S.E.2d 167 (1985) (res judicata effect of worker's compensation claim does not operate as bar to matters occurring subsequent to hearing on the issues). The filing of a motion under Section 52–1–56 does not invest the court with jurisdiction to retroactively modify a prior final judgment. *Goolsby v. Pucci Distrib. Co.*

 Plaintiff points out that res judicata was not raised by defendants below, and that it is an affirmative defense which must be specifically pled or it is waived. SCRA 1986, 1–008(C). We agree. The defense of res judicata if timely asserted precludes relitigation of matters that were adjudicated or those which could have been determined. *See Perez v. Industrial Comm'n of Arizona,* 141 Ariz. 89, 685 P.2d 154 (Ct.App.1984); *see also Ranville v. J.T.S. Enters., Inc.,* 101 N.M. 803, 689 P.2d 1274 (Ct.App.1984). *See generally,* Annotation, *Res Judicata As Regards Decisions or Awards Under Workmen's Compensation Acts,* 122 A.L.R. 550 (1939); 8 A. Larson, *The Law of Workmen's Compensation* § 79.72 (1989). As observed in *Pima County Board of Supervisors v. Individual Commission of Arizona,* 149 Ariz. 38, 43, 716 P.2d 407, 412 (1986) (En Banc):

> After findings and an award are made, the doctrine of *res judicata* operates to bar relitigation of issues which were or could have been decided at that proceeding. However, the doctrine of *res judicata* in compensation cases differs from the doctrine in ordinary civil cases; compensation cases balance the need for fi-

nality and judicial efficiency against the need for continuing jurisdiction to effectuate the purposes of the act and to accommodate changes in earning capacity.... [Citations omitted.]

The bar of res judicata must be specifically raised or it is waived. R. 1-008(C). The record does not indicate that the defendants pled this defense below, or that it was argued to the court below at the time of the hearing on plaintiff's motion to reopen and for determination of medical care and expenses. This determination, however, does not end our inquiry. A motion seeking to retroactively modify a prior award of medical benefits must also satisfy the requirements of Rule 1-060. *See Phelps Dodge Corp. v. Guerra*, 92 N.M. 47, 582 P.2d 819 (1978). The court is without authority to reopen or modify a prior judgment without a showing of material grounds to support the claims on which the application for relief is premised. *Id. Compare Armijo v. Save 'N Gain* (in absence of express authority, the power of administrative agency to reconsider a final decision exists only where the statutes creating the agency indicate legislative intent to permit such action). Plaintiff's motion did not allege that the relief requested was sought under Rule 1-060, and there was no showing that the motion, insofar as it sought retroactive relief, complied with the time requirements imposed by such rule. Moreover, the trial court made no finding indicating that it was granting the relief requested by plaintiff pursuant to such rule. Additionally, there was no showing of exceptional circumstances as required by Rule 1-060. *See Kilcrease v. Campbell*, 94 N.M. 764, 617 P.2d 153 (1980).

As held in *Mendoza*, a distinction exists between the power of the court to modify its judgment under Rule 60(b) and the power of the court to enforce its judgments. *Mendoza* also observed that, *except where expressly invested with continuing jurisdiction, after the expiration of the time within which to appeal a final decree, the court in the original proceeding loses jurisdiction to modify the decree except under the provisions of Rule 60(b).* [Emphasis added.]

Based upon the foregoing analysis, we conclude that the trial court erred in granting a retroactive award of home nursing and attendant care expenses for services rendered by plaintiff's wife covering time periods prior to June 20, 1984, when the original judgment was entered. Proof of such expenses was not presented at trial and plaintiff did not present evidence warranting the granting of post trial relief under Rule 1-060. We determine, however, that the court had continuing jurisdiction under Sections 52-1-38, 52-1-49 and -56 to enforce its June 20, 1984 judgment requiring the payment of plaintiff's reasonable and necessary *future medical expenses*, including the reasonable home nursing and attendant care expenses performed by his wife subsequent to the entry of the original judgment.

## II. REASONABLENESS OF AWARD FOR HOME MEDICAL EXPENSES

Defendants next assert that even if the trial court does have jurisdiction to award compensation for spousal medical care rendered on plaintiff's behalf, the trial court erred in awarding plaintiff reimbursement for his wife's home care services on a twenty-four-hour per day basis. Defendants further contend that the amount of the award for "LPN-like care" and "attendant care" furnished by plaintiff's wife was excessive, that the court's award for such medical services was not supported by substantial evidence, and that the trial court failed to consider other less expensive home care alternatives prior to authorizing such award.

The trial court's findings of fact adopted on May 11, 1988, found that (1) plaintiff remained permanently and totally disabled; (2) due to his medical condition, plaintiff could not be left alone and was in need of supervision and home attendant care; (3) it was not in his best interests to be placed in a nursing home; and (4) since plaintiff's injury on March 17, 1983, he had been supervised and cared for by his wife. The trial court also found that plaintiff was in need of at least one eight-hour shift of

LPN-level care each day, that his wife has received some special training in order to provide for his care; that although plaintiff's wife is not an LPN, she "has provided nursing services and other care for her husband 24 hours a day, seven days a week since his discharge from hospitalization due to the accident, with the exception of less than 100 eight-hour shifts provided by [defendants];" and that plaintiff's wife has provided necessary services for him from on or about March 18, 1983 up to March 17, 1988, including 14,600 hours of LPN-level care, and 29,200 hours as attendant or caretaker services. The court entered judgment for such services in the amount of $350,400.00.

Dr. Joseph G. VanDenHeuvel, a clinical psychologist, testified that plaintiff was in need of twenty-four-hour care and that, without the assistance and care provided by plaintiff's wife, he would have to be institutionalized; that if he remained at home, plaintiff minimally required care by a nurse's assistant *or* an LPN, or similar person; and that it would be reasonable to compare the daily care rendered by plaintiff's wife to eight hours of LPN care, eight hours of aide-level care and eight hours of attendant care. Dr. Glenn Hirsch, a psychiatrist, testified that plaintiff needed someone to provide him with food, remind him to bathe, supervise him, and to provide a nurturing environment. He also testified that if plaintiff's wife had not rendered her services, an LPN would be needed for one shift and an aide or attendant would be necessary for the rest of the time. Dr. Hirsch stated that rates for LPN's ranged between $6.00 and $11.00 per hour, depending upon their training and experience, and that rates for nurse's aides ranged from $3.00 to $6.00 per hour.

Defendants called Kevin J. Davis, president of Southwest Rehabilitation Services, who also testified concerning the cost of nursing and attendant home care. He stated that plaintiff could be provided with nurse's aide home care for purposes of cooking and laundry services, for feeding and bathing plaintiff, and to oversee the administration of therapy or exercises as prescribed by plaintiff's medical providers.

He testified that home care service charges for an LPN would be approximately $16.00 per hour, and that if a home nursing service were utilized for daily nurses' aide services, a registered nurse would also make bi-monthly home visits to monitor plaintiff's progress, and that such cost would be included in the $6.50 per hour fee for a nurse's aide.

In reviewing a judgment in a workers' compensation action on appeal, an appellate court will not set aside the trial court's findings of fact unless they are shown to be clearly erroneous or not supported by requisite evidence. *Mares v. Valencia County Sheriff's Dep't*, 106 N.M. 744, 749 P.2d 1123 (Ct.App.1988). *See* NMSA 1978, § 52–1–39 (Orig.Pamp.); *see also Nunez v. Smith's Management Corp.*, 108 N.M. 186, 769 P.2d 99 (Ct.App.1988); *Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 767 P.2d 363 (Ct.App.1988).

As recognized by 2 A. Larson, *The Law of Workmen's Compensation* Section 61.-13(d)(1) (1989), home nursing services are included in the medical benefits payable under most workers' compensation statutes. Larson further observes:

> The commonest controversy is the question whether practical nursing services performed by the claimant's own [spouse or relative] may be made the subject of a claim for medical expenses.... The great majority of later cases ... have permitted the charge, on the reasoning that the employer, by statute has the affirmative duty of furnishing this kind of nursing service.

*Id.* at 10–883. *See generally*, Annotation, *Worker's Compensation: Recovery for Home Service Provided by Spouse*, 67 A.L.R. 4th (1989).

In *Shadbolt* this court, following the majority view, interpreted our Workers' Compensation Act to permit an award for reasonable home medical and nursing-maintenance expenses provided by a spouse. *Shadbolt* recognized that an injured worker could be reimbursed for the reasonable value of medical and attendant care services provided by his spouse where expert

**552**

medical evidence indicated that he required the care of a semi-skilled nursing assistant and an attendant. The reasonableness of the cost of such services is a question of fact. *Id.,* 103 N.M. at 549, 710 P.2d 743.

■ The duty to provide nursing services also includes necessary attendant care. *See Interchange Village v. Clark,* 185 Ga. App. 97, 363 S.E.2d 350 (1987); *Larson v. Squire Shops, Inc.,* 228 Mont. 377, 742 P.2d 1003 (1987); *Quinn v. Archbishop Bergan Mercy Hosp.,* 232 Neb. 92, 439 N.W.2d 507 (1989); *see also* 2 A. Larson, *supra,* § 61.13(d)(4). However, it has also been held that where a spouse or family member provides *ordinary household services* to a claimant, the presumption is that they are gratuitous in nature and not compensable. *Perez v. Pennsuco Cement & Aggregates,* 474 So.2d 293 (Fla.Dist.Ct.App. 1985); *Quinn v. Archbishop Bergan Mercy Hosp.* Home medical care or attendant care has generally been held not to include normal housekeeping assistance, preparation of meals, cleaning and laundry services. *See Shadbolt v. Schneider; see also Quinn v. Archbishop Bergan Mercy Hosp.; Warren Trucking Co. v. Chandler,* 221 Va. 1108, 277 S.E.2d 488 (1981).

In *Warren Trucking,* the court enunciated four criteria for determining whether an injured worker is entitled to workers' compensation benefits for home health care. The court observed:

[W]e think the employer must pay for the care when it is performed by a spouse, if (1) the employer knows of the employee's need for medical attention at home as a result of the industrial accident; (2) the medical attention is performed under the direction and control of a physician, that is, a physician must state home nursing care is necessary as the result of the accident and must describe with a reasonable degree of particularity the nature and extent of duties to be performed by the spouse; (3) the care rendered by the spouse must be of the type usually rendered only by trained attendants and beyond the scope of normal household duties; and (4) there is a means to determine with proper certainty

the reasonable value of the services performed by the spouse.

*Id.* at 1116, 277 S.E.2d at 493; *Accord Larson v. Squire Shops, Inc.; Quinn v. Archbishop Bergan Mercy Hosp.; see also In re Klapacs's Case,* 355 Mass. 46, 242 N.E.2d 862 (1968).

■ We determine that the criteria enunciated in *Warren Trucking* are also applicable to claims for home health care services in the instant case. Additionally, we conclude that a worker seeking an award of such benefits must also establish under Section 52–1–49(A), that the home care services were reasonably necessary for the care and treatment of the worker as a result of his work-related disability, that a demand was made upon the employer to furnish such care, and that the employer refused to provide or furnish such services. § 52–1–49(A); *Warren Trucking Co. v. Chandler.*

■ In order to recover an award for home medical and attendant care, plaintiff has the burden of persuasion that the medical expenses were reasonably necessary and that the spouse has the requisite skill or training to provide such services. *See DiMatteo I; Shadbolt v. Schneider.* Determination of whether plaintiff is in need of home medical care or attendant care, as in the case of other medical expenses, must be established by expert medical testimony. *See Cardenas v. United Nuclear Homestake Partners,* 97 N.M. 46, 636 P.2d 317 (Ct.App.1981).

■ Where the worker is seeking reimbursement for spousal home care services, the court must consider the reasonable cost of such services as compared with the value of other available equivalent services. As observed in *Ross v. Northern States Power Co.,* 442 N.W.2d 296 (Minn.1989), one of the reasons for allowing payment for spousal home care services is that it can assist in reducing the total cost to the compensation system.

■ In evaluating the need and cost of providing home health care, the fact finder must make an initial determination concerning the level and extent of care re-

quired by the worker. Home medical care may include a wide spectrum of services, including those of a registered nurse, licensed practical nurse, nurse's aide or assistant, and subprofessional nursing care, such as home health care aide or attendant.

In fixing the amount of compensation payable for home nursing services rendered by a spouse, it is improper to award an hourly amount for nursing services equivalent to that normally received by a registered nurse or LPN, unless there is expert medical testimony concerning the necessity for providing that specific type of care, and that the training and experience of the person performing such services is equivalent to that which would be provided by a registered nurse, LPN, or nurse's aide. Similarly, where an injured worker seeks reimbursement for the services of a home health aide or other attendant care, the award must be commensurate with the amount of compensation normally paid to persons who provide such services in that locality.

Our review of the record indicates that, in determining the amount of compensation which should be awarded to plaintiff for the necessary medical home care services provided by his wife, the trial court failed to determine whether the entire eight-hour daily nursing care provided to plaintiff by his wife was performed under the direction and control of a physician. The court also failed to detail the nature and extent of the nursing duties performed by plaintiff's wife so as to differentiate such services from normal attendant care, and the court did not adopt findings indicating whether the attendant care rendered by plaintiff's wife extended beyond the scope of normal household duties. Where the findings of fact are insufficient to permit meaningful appellate review, the cause may be remanded in the interests of justice for the adoption of additional findings. *Cf. State ex rel. Human Servs. Dep't v. Coleman,* 104 N.M. 500, 723 P.2d 971 (Ct.App. 1986) (where additional findings and conclusions of law are required, ends of justice require remand). We conclude that the cause should be remanded for the adoption of additional findings in accord with the criteria set forth in *Warren Trucking* and as required under Section 52–1–49(A).

Defendants have additionally challenged the trial court's award of compensation for spousal around-the-clock care for plaintiff, arguing that the award included payment for plaintiff's care during which either the plaintiff, his wife, or both, were sleeping. Defendants also contend that the court's order included payment for home care during time periods when plaintiff's wife was also engaged in performing household duties apart from providing care to the plaintiff.

In evaluating a claim for twenty-four hour home care the court must determine the necessity for such care and whether the claim is inclusive of ordinary household services which would be provided irrespective of the worker's disability. *See Shadbolt v. Schneider; Perez v. Pennsuco Cement & Aggregates; Quinn v. Archbishop Bergan Mercy Hosp. But see Standard Blasting & Coating v. Hayman,* 476 So.2d 1385 (Fla.Dist.Ct.App.1985); *see also Texas Employers Ins. Ass'n v. Choate,* 644 S.W.2d 112 (Tex.Ct.App.1982).

For the reasons discussed above, we determine that the trial court erred in awarding retroactive payment for the value of the wife's services for the period between plaintiff's accident and the date of entry of the original decree on June 20, 1984, and that the court erred in fixing the hourly value of future home care services. The value of future medical services may vary dependent upon changing circumstances. If defendants elect to furnish reasonable and necessary future home medical care services, they are not bound by the hourly costs set fixed by the court. In accord with the criteria set forth in *Warren Trucking* and Section 52–1–49(A), we remand for entry of additional findings of fact and for entry of an amended order relative to the level of care and the reasonable value of home health care services rendered by plaintiff's wife.

## CONCLUSION

The trial court had jurisdiction to award plaintiff reasonable and necessary home medical expenses rendered by plaintiff's wife following the entry of the court's original judgment on June 20, 1984. Under the circumstances herein, however, absent compliance with Rule 1–060(B), the trial court was without jurisdiction to enter its January 23, 1989 judgment ordering payment of home health care expenses retroactive from the date of the original 1984 judgment to the date of plaintiff's accident. *DiMatteo I.*

We affirm the trial court's jurisdiction to award payment to plaintiff for the reasonable value of his wife's attendant home care services furnished after the original June 20, 1984 judgment; however, it was improper to fix the cost of future home care services, not yet performed. We remand the case to the trial court for entry of additional findings and conclusions and for entry of an amended order concerning the *attendant home care* services and LPN-level home nursing care rendered to plaintiff, consistent with this opinion.

IT IS SO ORDERED.

APODACA and CHAVEZ, JJ., concur.